# Fox *versus* Fox.

1. Error cannot be assigned for the omission of a judge to charge in a particular way unless his attention was called to it by a special request.

2. Errors must be assigned according to the rules of this court.

October 28th. 1880.  Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ.

Error to the Court of Common Pleas of *Westmoreland county* : Of October and November Term 1880, No. 251.

Case by John C. Fox against Levi Fox for malicious prosecution.  The trial resulted in a verdict for plaintiff, when defendant took this writ, his assignments of error being as follows :

1. The court erred in not saying to the jury whether there was probable cause or not for the arrest and prosecution against the plaintiff below.

2. The court erred in throwing the whole case upon the jury to say whether there was probable cause or not, as well as the question of the proof of the facts.

3. The court erred in saying to the jury that when the facts are in dispute or uncertain, it becomes a question for the jury to say if there was probable cause or not.

4. The court erred in answering the fifth point put by the counsel for defendant below, in not saying to the jury whether this was probable cause or not.

*A. A. Stewart* and *John F. Wentling*, for plaintiff in error.

*H. P. Laird* and *Hunter & Klingensmith*, for defendant in error.

The judgment of the Supreme Court was entered November 8th 1880,

Per Curiam.—There is no error in the charge of which the plaintiff in error can avail himself.  Nothing is better settled than that error cannot be assigned for an omission of the judge below to charge in a particular way unless his attention was called to it by a special request.  In Laughlin *v.* Clawson, 3 Casey 328, there was a request for specific instructions.  The defendant's points were substantially affirmed, and the jury were properly instructed as to what in law was probable cause, and as the facts were in con

[Fox v. Fox.]

test they were left to them.  Whether the verdict was according to the weight of the evidence it is not our province to consider.

The errors have not been assigned according to the rules of the court.  It is only necessary to refer to those rules, and to the opinion of the late Chief Justice THOMPSON in Burkholder v. Stahl, 8 P. F. Smith 371, to which it would be well that the attention of the profession should be again directed.

Judgment affirmed.