IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1888.

JOSEPH HAYMAN v. PENNSYLVANIA R. CO.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILA-
DELPHIA COUNTY.

Argued January 4, 1888—Decided January 16, 1888.

The plaintiff purchased a ticket at the defendant's office, and started for
the ferry-boat by a narrow passage leading thereto. At the end of the
passage nearest the boat was a swinging door, the upper part of which
was of glass. A person in front passed out allowing the door to swing
back, when the plaintiff, putting out his hand to stop it, missed the
frame and broke the glass, the broken glass inflicting cuts upon his
hand and arm. In an action for damages, *Held*:

That the presumption of negligence on the part of the company did not
arise from the injury received, and in the absence of evidence showing
negligence in the construction or use of the door, or its want of fitness
for the purpose to which it was applied, it was not error to order a com-
pulsory nonsuit.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK
and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 267 January Term 1887, Sup. Ct.; court below, No.
211 March Term 1885, C. P. No. 3.

The action below was in case for negligence by Joseph Hay-
man against the Pennsylvania Railroad Company.

(508)

Arguments.

At the trial, on April 8, 1886, before FINLETTER, P. J., it was shown that the plaintiff and his wife had purchased tickets for a passage from Philadelphia to Burlington, N. J., at the defendant company's office at the foot of Market street, Philadelphia. On their way from the ticket-window to the ferry, the plaintiff was injured in the manner stated in the syllabus and fully set forth in the opinion. At the close of the plaintiff's evidence, the court ordered a compulsory nonsuit with leave, etc. Subsequently, on argument, a motion to take off the judgment of nonsuit was refused. Thereupon the plaintiff took this writ, assigning as error the order for the nonsuit and the refusal of plaintiff's motion.

*Mr. Jacob Singer* (with him *Mr. Emanuel Furth*), for the plaintiff in error:

The contractual relation existing between carriers and passengers exacts of the former, the exercise of the highest degree of care and skill, and requires that all means shall have been taken, beforehand, to guard against all damages that may beset passengers, as far as human care and foresight will go: Laing v. Colder, 8 Pa. 479; Sullivan v. Railroad Co., 30 Pa. 234; Penn. R. Co. v. Zebe, 33 Pa. 326; Meier v. Railroad Co., 64 Pa. 226; Del., Lack., etc., R. Co. v. Napheys, 90 Pa. 135; P. & R. R. Co. v. Anderson, 94 Pa. 351; Steamship Co. v. Landreth, 102 Pa. 134. In the doctrine of these cases the duty arises out of and is superadded by law to the contract; and when in the performance of this contract a passenger is injured, without fault of his own, the law raises a prima facie presumption of negligence and throws on the carrier the burden of showing that it did not exist.

2. Especially was this a case for the jury in view of the evidence that, immediately after the injury to the plaintiff, the defendant company caused the glass in the swinging door to be covered with a thickly woven wire screen: West Chester R. Co. v. McElwee, 67 Pa. 314; Penn. R. Co. v. Henderson, 51 Pa. 315; McKee v. Bidwell, 74 Pa. 224. Moreover, in order to justify the withdrawal of a case from a jury, the facts should not only be undisputed, but the conclusion to be drawn therefrom should be indisputable. And, whether the facts be disputed or not, if different minds may honestly draw different

conclusions from them, the case should be left with the jury: 2 Thomp. Neg., 236.

*Mr. David W. Sellers*, for the defendant in error:

The defendant company had a station door, in the upper part of which was glass, to enable passengers to see the going and coming of the ferry-boat. The door hung to open outward and inward, in the usual method in hotels and business places. There was no negligence shown on the part of the defendant; hence the plaintiff failed: Patterson's Ry. Acc. Law, § 255.

OPINION, MR. JUSTICE WILLIAMS:

The complaint of the plaintiff in error in this case is, that the court below directed the entry of a compulsory nonsuit on the conclusion of his evidence. The sole question for consideration, therefore, is whether the evidence was sufficient to sustain a verdict in favor of the plaintiff. The facts disclosed by it are, that the plaintiff had purchased a ticket from the defendant company entitling him to carriage from Philadelphia to Burlington, N. J., and was proceeding from the ticket office to the boat, on which a part of the journey was to be made. His route was through a long narrow passage intended to accommodate persons passing in single file. At the end, near the landing, was a door, the upper half of which was provided with glass, and which swung either way to permit the passage of persons to and from the boat. The person in front of plaintiff passed out at the door, leaving it to swing back behind him. The plaintiff put out his hand to arrest its motion and push it open again, and instead of directing his hand towards the frame or wooden portions of the door pushed it against the glass, which broke under the force of the impact and let his hand through, cutting it and inflicting the injury sued for.

This was the whole case, and upon it the plaintiff contends that he should have been allowed to go to the jury upon the ground that the mere happening of the injury raises, prima facie, a presumption of negligence, and throws the burden of disproving negligence on the carrier. In support of this position he cites Laing v. Colder, 8 Pa. 479, and several cases fol-

lowing it. The authority of these cases is beyond question, but the applicability of the rule established by them to this case is not. The rule requires that a carrier of passengers shall exercise " the utmost degree of care and diligence" to secure the safety of its passengers. To this end it must provide a safe road-bed, well constructed cars, engines, and skillful, trustworthy servants to take charge of the movement and management of trains. All these things are under the exclusive control of the officers of the company. The public have no right and no opportunity to interfere in regard to them. When, therefore, a passenger is injured by a collision or other accident while on his journey, the law presumes the accident to be due to want of proper care on the part of the company conducting the transportation, and puts the burden of showing the actual condition of the track, the car, or other appliances involved in the accident, upon the only party in a condition to bear it, viz.: the carrier which has the exclusive possession and care of it. The legal presumption takes the place of the proof which the injured person is unable to make, and puts the carrier at once upon the defence : Laing v. Colder, supra; Meier v. The Railroad Co., 64 Pa. 226; P. & R. R. Co. v. Anderson, 94 Pa. 358.

But the reason ceasing, the rule ceases. If an intoxicated person, after having purchased his ticket at a railroad station, should on his way out of the ticket office stumble upon a heated stove and suffer serious injury, there would be no reason for excusing the injured man from making out his case, because he had a railroad ticket in his pocket, or because the stove on which he fell belonged to a railroad company, or was standing in a railroad station. It was no part of the machinery of transportation, and was in no sense peculiar to the business of the railroad company.

The same thing is true of the case in hand. The plaintiff was injured, in the waiting-room or passage-way leading to the wharf, by putting his hand through the glass in the swinging-door. The door was no part of the machinery employed for the carriage of passengers. It was not built upon a pattern peculiar to the defendant company. So far as the pleadings or the plaintiff's evidence enable us to judge, it was constructed like the swinging-doors to be met with in places of business in

every part of the country. It was certainly visible to all comers and goers passing between the waiting-room and the boat, for it was so located that all passengers were obliged to push it open in passing to or from the landing. If there was anything in the construction of the door that made it unfit for the purpose for which it was used, or the place at which it was located, it was easy for the plaintiff to show it by a multitude of witnesses. There was no reason therefore for resorting to the legal presumption of negligence in aid of the plaintiff's case. The cause of the accident and the location and construction of the door were as clearly known to the plaintiff as to the defendant and its employees, and it was the duty of the plaintiff to make out his cause of action in this case, as he would be bound to do if the swinging-door had been in a hotel or store. Not having done this, the court was clearly right in ordering the nonsuit.

Judgment affirmed.