# Herstine v. Lehigh Valley Railroad Co., Appellant.

[Marked to be reported.]

*Negligence—Railroads—Presumption—Passengers.*

An accident befalling a passenger while on board of a railroad train and in the course of his journey, raises no presumption of negligence on the part of the company unless the accident is connected in some way with the means of transportation : Lang v. Calder, 8 Pa. 479, distinguished.

Where an injury is chargeable to the manner of coupling a car, a presumption of negligence on the part of the company does not arise if the accident is to the passenger, and not to the car.

In an action to recover damages for personal injuries, plaintiff alleged that he was injured by a severe shock caused by defendant's employees

permitting a car which they were coupling, to strike the train in which he was seated, with more violence than was necessary to move the springs and effect the coupling. Defendant maintained that the coupling was made in a proper manner. *Held*, that the burden of establishing the negligence of the railroad company was on plaintiff.

*Charge of court—Inadequate presentation of case.*

Where in an action for personal injuries, defendant, a railroad company, introduces a large amount of testimony which tends to show that plaintiff was suffering from lumbago of long standing, and that this disease was the cause of his ill health, and not the injury alleged to have been suffered on defendant's train, it is error for the court to entirely refrain from alluding to such testimony in its charge.

*Omission in charge to refer to testimony attacking character for veracity.*

If, in an action for personal injuries, plaintiff's case depends almost entirely upon his own testimony, and a large amount of evidence is offered tending to impeach his character for veracity, it is error for the court to omit in its charge all mention of such evidence.

Argued March 10, 1892. Appeal, No. 287, Jan. T., 1892, by defendant from judgment of C. P. Northampton Co., Feb. T., 1890, No. 36, on verdict for plaintiff, George R. Herstine. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Trespass for personal injuries caused by the alleged negligence of the defendant.

The facts appear by the opinion of the Supreme Court.

The charge of the court was as follows, by SCHUYLER, P. J.:

" This is an action by George R. Herstine, plaintiff, against the Lehigh Valley R. R. Co., defendant, to recover damages for an injury which the plaintiff alleges he has sustained through the negligence of the defendant. It seems that, on the morning of May 24, 1889, the plaintiff was seated in the rear end of a train of cars on the defendant's road, the train being at rest near the South Bethlehem station. The destination of the train was Phillipsburg, to which point the plaintiff had secured a ticket. He was therefore rightfully on the train waiting for it to start. He was seated near the rear of the car, and, while thus seated, another car was added to the train which then became the rear car. It is claimed by the plaintiff that in making this connection the added car was permitted to approach the train at a too great rate of speed, in consequence of which it struck the car in which the plaintiff was sitting with great vio-

lence, throwing him back on his seat, and inflicting on his person, as the plaintiff claims, a most serious injury from which, as he says, he has suffered ever since and is destined to suffer to the end of his life.

" The character and extent of this alleged injury have been fully explained by the plaintiff and his witnesses and I need not repeat what they said. It is for this alleged injury—I say alleged injury, for the fact of the injury is emphatically denied by the defendant—that the plaintiff is now seeking damages at your hands. The defendant also denies that there was any negligence on the part of itself or its employees in connecting the added car with the train. Of course, if there is no negligence imputable to the defendant, or even if the defendant was negligent and the injury of which the plaintiff complains was not the result of that negligence, the plaintiff will not be entitled to your verdict.

" There are thus presented for your consideration two principal questions : first—was the connection of the added car made negligently ? Negligence is described to be the absence of care under the circumstances. [The degree of care required of railroad companies is thus defined by our Supreme Court: Although in legal contemplation such companies do not warrant the absolute safety of passengers they are yet bound to the exercise of the utmost diligence and care. The slightest neglect against which human prudence and foresight may guard and by which hurt or loss is occasioned, will render them liable to answer in damages. Nay, the mere happening of an injurious accident raises prima facie a presumption of neglect and throws upon the carrier the onus of showing that it did not exist. Tested by this rule, was the defendant guilty of negligence ?] [9] The evidence bearing on this branch of the case is within a very narrow compass. If, after a careful consideration of this evidence, you should reach the conclusion that there was no negligence in coupling the car, then you need inquire no further, for in that event your verdict should be for the defendant.

[" If, however, you find that there was negligence, you will next inquire whether the injury of which the plaintiff complains was the result of that negligence. If you find that it

was not the result of the defendant's negligence, then again the verdict should be for the defendant.] [10]

" If, however, you find that the defendant was negligent and that the injury of which the plaintiff complains was the result of that negligence, then your verdict should be for the plaintiff for such sum as under the evidence you think he is fairly entitled to.

" Now as to the measure of damages.   In cases of this kind the rule is this : [If, in view of all the evidence, the jury find for the plaintiff they should allow, in estimating the damages, not only for the direct expenses incurred by the plaintiff by reason of the injury, but also for the privation and inconvenience he is subjected to, for the pain and suffering he has already endured, bodily and mental, and which he is likely to experience, as well as for the pecuniary loss he has sustained and is likely to sustain during the remainder of his life from his disabled condition.] [11]

" Now, gentlemen, if after you have given to this evidence the careful consideration to which it is entitled you reach the conclusion that in coupling the car the defendant was not guilty of negligence then you need not, as I have already said, inquire any further but should render a verdict in favor of the defendant.   If you come to the conclusion that the defendant was guilty of negligence in coupling the car, it does not, however, follow from that circumstance that the plaintiff would be entitled to your verdict, because, however negligent the defendant may have been, unless the injury complained of was the result of that negligence, then, however much the plaintiff might be entitled to your sympathy, he would not be entitled to your verdict.

" On the other hand, gentlemen, if, after carefully canvassing all the testimony in the light that you have before you you find that the defendant has been guilty of negligence— that it has not used that high degree of care which the law demands at the hands of such companies, and if you find in addition to that that the plaintiff's present condition, whatever it may be—if it is a condition of injury—was the result of such negligence, you should not hesitate to say so by returning a verdict for the plaintiff for such damages as you think under all the circumstances of the case he is fairly entitled to.

" [If the plaintiff is entitled to damages at all he is entitled to substantial damages; it would be a travesty of justice if you should find that this defendant was negligent and that the plaintiff through the defendant's negligence has sustained the injuries of which he complains to return a verdict for ridiculously small damages."] [12]

Plaintiff's points, affirmed, were as follows:

" 1. If the testimony of the plaintiff shows that there was a violent coupling of the cars, and from that violence there resulted an injury to the person of the plaintiff, there arises a presumption that there was negligence prima facie upon the part of the defendant in causing the alleged personal injury complained of." [1]

" 2. In order to overcome this presumption of negligence the defendant must show that its employees exercised the utmost human foresight, the highest skill and the greatest care, prudence and judgment to prevent the collision which caused the alleged injury to the plaintiff." [2]

" 4. The jury may allow damages not only for the direct expenses incurred by the plaintiff but also for the privation and inconvenience to which he has been subjected; for the pain and suffering, bodily and mentally, which he has already endured or which he is likely to experience as well as the pecuniary loss which he has sustained and is likely to sustain hereafter during the continuance of his disabled condition." [3]

" 5. Under the head of direct expenses incurred are loss of time and wages, disability to work, cost of board and clothing, medical attendance, medicines and nursing occurring from the time of the injury to this date and for those which may hereafter occur as long as his disabled condition may continue." [4]

Defendant's request for binding instructions was refused. [5]

Verdict and judgment for plaintiff for $19,800. Subsequently the plaintiff filed a remittitur of all damages in excess of $13,000, in accordance with an order of court that if such remittitur were not filed, a new trial would be granted. Defendant appealed.

*Errors assigned* were (1–5) answers to points, quoting points and answers; (6) that the charge as a whole was 'not a fair and adequate presentation of the case; (7) that the charge to the jury failed to present at all that part of defendant's case

which was based upon the evidence that plaintiff was suffering from lumbago or rheumatism of long standing; (8) that the charge to the jury entirely omitted to refer to the testimony attacking plaintiff's character for truth and veracity, or to instruct the jury as to what weight should be given to his testimony in the case, in view of the evidence given on the question of his character; (9–12) portions of charge as above, quoting them; (13) that the damages were excessive; (14) that the verdict was against the evidence, and the great weight of the evidence, and against the law; (15–16) rulings on evidence not material to this report.

*Wm. Fackenthall* and *Robert E. Wright*, with them *J. Davis Brodhead* and *Francis I. Gowen*, for appellant.—There was no negligence on the part of the company, and the plaintiff cannot recover: Redfield on Railways, 324; Laing v. Colder's Est., 8 Pa. 479; New Jersey R. R. Co. v. Kennard, 21 Pa. 203; R. R. v. Layer, 112 Pa. 414.

The company omitted no duty which it was bound to perform.    While a carrier of passengers is bound to use every care and precaution for safety of passengers carried by it, it is not an insurer of the passengers: Taylor on Private Corporations, § 350; Redfield on Railways, ed. 1867, 174; Meier v. P. R. R., 64 Pa. 225.

Negligence will not be presumed where an injury results from one of the ordinary incidents of travel, but the plaintiff must show it affirmatively as a part of his case: Stager v. Pass. Ry., 119 Pa. 70; D. L. & W. R. R. v. Napheys, 90 Pa. 141, Federal St. & Pleasant Valley Ry. v. Gibson, 96 Pa. 58; Farley v. Phila. Traction Co., 132 Pa. 58; Hayman v. P. R. R., 118 Pa. 508.

The force necessary to make a coupling is a matter of which this court will take notice under its ruling in Cauley v. P. C. & St. L. R. R., 98 Pa. 500; McCandless v. McWha, 25 Pa. 96.    The statement by plaintiff and his wife that the coupling was a violent one, is the mere expression of an opinion and is of little importance as proof of negligence: Thomas v. Citizens Pass. Ry., 132 Pa. 504; Phila. Traction Co. v. Bernheimer, 125 Pa. 615.

The question of plaintiff's contributory negligence should

have been submitted to the jury: Morgan v. Fawcett, 26 Pitts. L. J. 51; Lancaster v. Kissinger, 11 W. N. 151; City v. Fisher, 11 Pa. 9; Supply Co. v. Boundy, 22 W. N. 484; Township v. Phillips, 22 W. N. 484; Lehigh Valley R. R. Co. v. Greiner, 113 Pa. 600.

The rule laid down by the court as to the measure of damage was incorrect and misleading, inasmuch as it did not present to the jury the fact of the ill health of plaintiff at the time of the accident.

The charge did not adequately present defendant's case. It is error for the court to omit in their charge facts material to one party, and ground their instructions only on that which makes in favor of the other: Nieman v. Ward, 1 W. & S. 68; Heilbruner & Co. v. Wayte, 51 Pa. 259; Washington Mut. Ins. Co. v. Rosenberger, 3 W. N. 17; Parker v. Donaldson, 6 W. & S. 137; Fawcett v. Fawcett, 95 Pa. 376; Canal Co. v. Harris, 101 Pa. 80; R. R. Co. v. Brandtmaier, 113 Pa. 610; Bisbing v. Bank, 93 Pa. 79; Norton v. Lehr, 2Penny. 302; Gehman v. Erdman, 105 Pa. 371; Bohlen v. Stockdale, 27 P. L. J. 198; Shaver v. McCarthy, 110 Pa. 339; Reber v. Herring, 115 Pa. 599; Bughman v. Byers, 21 W. N. 494; Goersen v. Com., 99 Pa. 388; Garrett v. Gouter, 42 Pa. 143; Insurance Co. v. Rosenberger, 3 W. N. 16; Reichenbach v. Ruddach, 127 Pa. 564; Byles v. Hazlett, 11 W. N. 212; Com. v. Johnson, 133 Pa. 293; Curtin v. Somerset, 140 Pa. 70.

*T. F. Emmens* and *A. B. Longaker*, for appellee.—No exceptions were taken to the answers to defendant's points, and the first five assignments should therefore not be considered: Huckestine v. Kelley, 139 Pa. 204.

The sixth assignment violates rules 22 and 23.

The seventh assignment will not be sustained, as defendant did not ask for instructions which he claimed should have been given: Morris v. Travis, 7 S. & R. 220; Rahn v. McElrath, 6 Watts, 151; Dennis v. Alexander, 3 Pa. 50; Bisbing v. Bank, 93 Pa. 79. The same objection applies to the eighth assignment: Lilly v. Paschal, 2 S. & R. 394. It is no ground for reversal that the court omitted to instruct the jury on a material point when its attention was not called to it: Rogers v. Hall, 4 Watts, 359; Dean & Schoch v. Harrold, 37 Pa. 150; Raush

v. Miller, 24 Pa. 277; Reeves v. R. R., 30 Pa. 454; Newman
v. Edwards, 34 Pa. 32; Cattison v. Cattison, 22 Pa. 275;
Huckestein v. Kelly & Jones Co., 139 P. 204; Fox v. Fox, 96
Pa. 60.

The evidence showed that there was a violent shock or jolt
of the car caused by the negligent coupling, and that plaintiff
was injured by the shock.   These facts being established the
burden was upon defendant to show that there was no negli-
gence: P. R. R. v. N. G. McKinney, 124 Pa. 462; D. L. &
W. R. R. v. Napheys, 90 Pa. 135–141; P. & R. R. R. Co. v.
Anderson, 94 Pa. 351; Long v. P. R. R., 29 W. N. 375.

*William Fackenthall* and *Robert E. Wright*, in reply.—The
statement of plaintiff and his wife that the coupling was vio-
lent cannot sustain the finding.   The opinion of these people
not being experts can avail nothing: Thomas v. Citizens Pass.
R., 132 Pa. 504; Phila. Traction Co. v. Bernheimer, 125 Pa.
615; Fischer v. Ferry Co., 124 Pa. 154.

The court was in error in charging that " the slightest neg-
lect against which human prudence and foresight may guard
and by which hurt or loss is occasioned will render them liable
to answer in damages."   This is not supported by the author-
ities in the state: Lang v. Calder, 8 Pa. 483; R. R. v. Aspell,
23 Pa. 149; Sullivan v. P. & R. R. R., 30 Pa. 239; Meier v. P.
R. R., 64 Pa. 229; Pittsburgh & Connellsville R. R. v. Pillow,
76 Pa. 513; P. & R. R. R. v. Anderson, 94 Pa. 359.

The court was also in error in stating the rule as to burden
of proof: P. R. R. v. McKinney, 124 Pa. 467; Farley v.
Traction Co., 132 Pa. 63.

The charge was inadequate because it did not present the
evidence as to plaintiff's bad character for veracity, or as to his
physical condition at the time of the alleged accident.

OPINION BY MR. JUSTICE WILLIAMS, October 3, 1892.

The appellant, the defendant in the court below, is a com-
mon carrier.   The plaintiff was, at the time of the alleged in-
jury, a passenger upon one of the defendant's trains.   The train
was at the time standing upon the east bound track a short
distance below the station at South Bethlehem waiting for
another car to be attached to it.   This car, as the plaintiff
alleges, was run out of a siding near by and allowed to drop

by gravity down to, and against, the rear end of the train with such violence that his wife and himself were thrown forward from their seats against the seat in front of them, and his spine seriously and permanently injured by the wrench which the blow of the descending car upon the standing train gave him.

No complaint was made to the train hands' or employees of the company at the time nor for several months afterward, but the plaintiff continued work at his trade during a considerable portion of the time though, as he says, with frequent interruptions and with more or less pain. This action was brought to recover damages for the injury on the ground that the coupling was violently and negligently made, and that the negligence of the defendant's employees was the cause of the plaintiff's injury. The defendant denied that the coupling was violently or negligently made; denied that the plaintiff suffered any injury by reason of it, or while a passenger upon the train; and alleged that his condition at the time of the trial was due in part to diseases from which he had previously suffered and for which he had been treated by physicians, and in part to malingering, or the simulation of symptoms of a disease from which he had never suffered. Two issues of fact were thus raised: First, was the coupling violent and negligent as the plaintiff alleged? Second, if negligence be found by the jury, was the plaintiff injured, and to what extent, as the result of such negligence?

The plaintiff had the affirmative, and he was bound to prove the negligence of the defendant, and that the injury complained of was caused by it.

Upon this subject the learned trial judge instructed the jury in substance that the rule of Lang v. Calder, 8 Pa. 479, was applicable to this case, so that " from the mere happening of an injurious accident a presumption of neglect arises, prima facie, and throws the onus of showing that it did not exist on the carrier." This was misleading. There was no allegation that any accident had occurred to the train, or to any of the instruments or appliances of transportation. All that was alleged was that in the performance of the duty of coupling an additional car to the train, the defendant's employees had negligently permitted the car to strike the train with more violence than was necessary to move the springs and effect the

coupling.  This was stoutly denied by the defendants and by the persons in charge of the car and the train at the time. Whether it was so or not was the subject of controversy, the primary question of fact for the jury to determine, since the plaintiff was left without a cause of action if the coupling was made in a proper manner.  Upon this question the burden of establishing the negligence was on the plaintiff.  There was no legal presumption arising from the facts of this case to shift the burden of proof.  It is now well settled that the rule in Laing v. Calder is applicable to cases where a passenger is injured in, or because of, an accident happening to the train, boat or other means of transportation.

The reason of the rule in such cases is that a contract to carry is, within the understanding of both parties, a contract to carry safely ; and a breach of this contract by reason of the failure or insufficiency of any of the means provided for the carriage puts the carrier upon the defensive.  The construction of its roads, cars and boats, and their management and care, are subjects peculiarly within the knowledge of the carrier, and with which the passenger has no means of becoming familiar. When an accident occurs therefore the presumption is that it is due to the want of care in construction, repair or management, and the burden of showing its own freedom from fault is on the carrier.  But an accident to a passenger while about the premises of the carrier raises no such presumption : Hayman v. Penna. Railroad, 118 Pa. 508 ; nor does an accident befalling a passenger while on board a train and in the course of his journey, unless it is connected in some way with the means of transportation : McKinney v. The Penna. Railroad Co., 124 Pa. 462.  Where the injury is chargeable to the manner of construction of a car the rule does not apply if the accident is to the passenger, and not to the car : Farley v. The Traction Co., 132 Pa. 58.

Spear v. The P. W. & B. Railroad Co., 119 Pa. 61, is in entire harmony with the cases just cited.  In that case the means of carriage was a steamboat.  The plaintiff was a passenger.  An explosion occurred which shattered one end of the boat and inflicted the injury complained of upon Spear. This was a case for the application of the rule.  The duty of showing that the explosion occurred without the fault of the

company was imposed by the presumption of negligence aris-
ing from the fact of the explosion upon its boat, which was
under the care of, and navigated by its employees.

The ninth assignment is for the reason now given sustained.

The defence as to the second question, the injury to the
plaintiff, rested largely on the medical testimony introduced for
the purpose of satisfying the jury that the plaintiff's condition
was due to disease and not to the jar resulting from the coup-
ling.   The expert testimony on both sides related mainly to
this question.   An adequate presentation of the case to the
jury could not be made without at least directing their atten-
tion to this question as one to be considered and determined
by them.   If the defendant's position upon the subject was
sustained by the evidence, the existence of negligence in ef-
fecting the coupling was rendered immaterial.   For this reason
the seventh assignment of error is sustained.

An examination of the testimony shows that the existence
of violence or negligence in making the coupling, and the re-
lation of such violence or negligence, if it existed, to the plain-
tiff's condition, depended almost entirely on the testimony of
the plaintiff and his wife.   His credibility was attacked and
many witnesses were called to show that his reputation for
truth and veracity was bad.   By way of rebuttal the plaintiff
called many witnesses to sustain his character.   His credibility
therefore became an important question in the cause.   It was
a question for the jury.   If the testimony of Herstine was not
entitled to credit, the jury would probably have found the
weight of the evidence was against the existence of unusual vio-
lence in the coupling of the car to the train and therefore
against the plaintiff's right to recover no matter what may
have been the origin of his spinal troubles.   But the learned
judge gave the jury no instruction upon this subject.   He did
not so much as allude to the fact that the plaintiff's credibility
was attacked.   This might work no injustice in a case where
the testimony of the witness attacked is so sustained that the
case may well stand without him ; but where his testimony is
so important that the case may turn upon it, and especially when
his credibility is attacked by the testimony of witnesses called
to impeach him and by his own conduct in failing for many
months to complain of the coupling or of an injury received

on account of it, the credibility of the witness becomes one of the controlling questions of fact to which the attention of the jury should be particularly called.

The appellee urges that because the learned judge was not asked to instruct the jury upon this question and that which is the subject of the seventh assignment, the failure to do so can not be regarded as error; and cites Fox v. Fox, 96 Pa. 60, and similar cases in support of his position.

Fox v. Fox was an action on the case for malicious prosecution.   On the trial the parties seem to have treated the question of probable cause as one for the jury and the trial judge submitted it to them.   After verdict and judgment it was urged in this court that the question of the existence of probable cause, was upon all the evidence a question of law for the court; and we were asked to reverse the court below for that reason. This we declined to do because the question had not been raised on the trial.   The same question was presented in Burkholder v. Stahl, 58 Pa. 371.

If the legal questions that might be raised upon the trial are not raised, it is too late to raise them on appeal to this court. This we have repeatedly said; and we have given as a reason that it is neither fair to the successful party nor to the court to disturb a verdict that has been reached by a mode of trial to which both parties were assenting.   We have not said however that it is the duty of the parties to make specific requests for the submission of the several questions of fact raised upon the trial, or that a failure so to do deprives the party, affected by the omission, of the right to complain that his defence has been ignored or forgotten in the submission of the case to the jury.

We must for this reason sustain the eighth assignment of error.

The judgment is reversed and a venire facias de novo is awarded.