# Cline *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railways—Passenger—Presumption of negligence.*

Where a passenger in a crowded summer car stands between two of the cross seats and against the guard rail of one side of the car, and by a sudden movement of the car the passenger's head is thrown beyond the guard rail and is struck by a car on the other track, but there is no injury to the car in which the passenger is riding, no presumption of negligence on the part of the company arises from the mere happening of the accident. The burden is upon the plaintiff to prove negligence, and he may do so, in a way sufficient to carry the case to the jury, by showing that the car was improperly and unsafely run in passing over a curve, resulting in a sudden lurch or jerk which threw the passenger's head beyond the guard rail at a time when the other car was passing.

Argued Nov. 2, 1909. Appeal, No. 157, Oct. T., 1909, by defendant, from judgment of C. P. No. 4, Allegheny Co., Fourth Term, 1907, No. 139, on verdict for plaintiff in case of George J. Cline v. Pittsburg Railways Company. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before CARNAHAN, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $11,938. Defendant appealed.

*Errors assigned* were (1) portion of charge quoted in the opinion of the Supreme Court; (2) refusal of binding instruc-

tions for defendant and (3) refusal to enter judgment for defendant non obstante veredicto.

*James C. Gray,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.—The court below, in charging the jury, put the burden of disproving negligence on the appellant company. This, we do not think, is the law. The burden of establishing the negligence in this case, is on the appellee, and the testimony of the appellee, as to the manner in which the accident happened, does not change the rule. This is not a case where the injury complained of resulted from the breaking of machinery, a collision, derailment of car, or something improper or unsafe, in the conduct of the business, or in the appliance of transportation: Farley v. Traction Co., 132 Pa. 58; Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244; Dennis v. R. R. Co., 165 Pa. 624; Thomas v. Phila. & Reading R. R. Co., 148 Pa. 180.

*Rody P. Marshall,* with him *Thos. M. Marshall,* for appellee. —That additional care and precaution must be exercised when a car is crowded in order that the passengers may be safely carried to their destination is decided in the case of McCaw v. Traction Co., 205 Pa. 271.

The charge of the court must be interpreted as a whole: Com. v. Johnson, 133 Pa. 293.

If so interpreted it is a correct exposition of the law and an adequate and impartial presentation of the case it will be sustained, although portions of it, torn from their proper connection, may suggest error.

This case is on all fours with the case of McCloskey v. R. R. Co., 156 Pa. 254.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

The appellee boarded a car of the appellant on the evening of May 26, 1907. He was not able to get a seat and stood between two of the cross seats up against the guard rail on the left side of the car, holding on to an upright post with his left hand and to the seat in front of him with his right. The car

was so crowded that a friend stood between him and the seat in front of him, encircled by his arms. As the car was passing over a curve it gave, according to the testimony of the plaintiff and one of his witnesses, a sudden lurch or jerk, throwing his head beyond the guard rail just as a car on the adjoining track was passing in an opposite direction. That car struck him, and this suit is for the recovery of damages for the injuries sustained. There is no evidence that the car was running at a high rate of speed, the testimony of plaintiff's witnesses being that it was running at a good rate. From testimony offered by the appellant, it seems that the accident happened on a straight track and was due to the negligence of the appellee in sitting on the cross bar with his head projecting out far enough to come in contact with the passing car, and the jury were instructed that, if this was the situation, there could be no recovery.

After the appellee was allowed to become a passenger of the appellant on its crowded car, and he remained standing between two of the cross seats, with no part of his body extended beyond the cross bar, he was doing all that he could as a passenger under the circumstances, and the duty of the company in transporting him was to exercise the highest degree of care for his safety. If injury had befallen him as the result of an accident due to the breaking of machinery, collision, derailment of cars or something improper or unsafe in the conduct of the business, or in the appliances of transportation, there would be a presumption of negligence on the part of the common carrier, and the burden would be upon it to show that the injury was in no way the result of its negligence: Thomas v. Phila. & Reading R. R. Co., 148 Pa. 180. Here the only negligence of the defendant complained of is the sudden jerk or lurching of the car as it was passing over a curve. Nothing happened to the car itself. It went on after the injured passenger had been removed, just as if nothing had happened. Whether the car in passing the curve was properly operated by the motorman was for the jury, but, under the court's instructions, complained of in the first assignment, the mere happening of the accident raised a presumption of

negligence, and the burden was cast upon the defendant to disprove it. The instruction was: "You will understand that when an accident happens, such as described by the plaintiff, the burden is put on the defendant company to explain away the charge of negligence. It says there was no negligence and could not have been any negligence, because there is not any evidence here that the track was not in good condition, and because the evidence indicates that the car was not running more than five or six miles an hour at the time, and because it was a straight track." This was error. If the car was moving at a proper and safe rate of speed in passing over the curve, there was no act of negligence on the part of the appellant's employee to which the jerk or lurch can be attributed. The burden was, therefore, upon the plaintiff to show that the car had been run at an improper and unsafe rate of speed, which was responsible for throwing his body over the guard rail. Cars when passing from a straight line to a curve, are always more or less jerky, but if a jerk is inevitable at a proper and safe rate of speed, a common carrier is not responsible for exceptional injuries resulting from it. Its cars must continue to run on the curve as well as on the straight line, its only duty being to run them at a proper and safe rate of speed over the curve. Did this appellant do so in the present case? That was the question for the jury's consideration, and before the appellee can recover there must be a finding that the car had not been safely and properly run.

That the instruction complained of was error seems to be admitted by counsel for appellee, for the burden of their argument is that it must not be considered standing alone, as, from other portions of the charge, it clearly appears that the court submitted to the jury the question of defendant's negligence. The charge, however, may be searched in vain for a single word of instruction that the burden was upon the plaintiff to establish the negligence of the defendant, and, from the quoted portion, the only inference to be drawn by the jury was that the mere happening of the accident made out a prima facie case for the plaintiff and cast the burden upon the defendant of disproving negligence. No burden was

upon it, in view of the character of the accident, until it was first shown that the accident was the direct result of negligence. Among the cases requiring a reversal is Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244. In that case the plaintiff, at the time of the alleged injury, was a passenger upon one of the defendant's trains. It was standing upon a track a short distance below the station, waiting for another car to be attached to it. This car, as the plaintiff alleged, was run out of a siding nearby and allowed to drop by gravity down to and against the rear end of the train with such violence that he and his wife were thrown forward from their seats against the seat in front of them and his spine was seriously and permanently injured by the wrench given him by the impact of the descending car. The trial judge instructed the jury, in substance, that the rule of Laing v. Colder, 8 Pa. 479, controlled the case, and that "from the mere happening of an injurious accident a presumption of neglect arises, prima facie, and throws the onus of showing that it did not exist on the carrier." In reversing the judgment for the plaintiff we said: "This was misleading. There was no allegation that any accident had occurred to the train, or to any of the instruments or appliances of transportation. All that was alleged was that in the performance of the duty of coupling an additional car to the train, the defendant's employees had negligently permitted the car to strike the train with more violence than was necessary to move the springs and effect the coupling. This was stoutly denied by the defendants and by the persons in charge of the car and the train at the time. Whether it was so or not was the subject of controversy, the primary question of fact for the jury to determine, since the plaintiff was left without a cause of action if the coupling was made in a proper manner. Upon this question the burden of establishing the negligence was on the plaintiff. There was no legal presumption arising from the facts of this case to shift the burden of proof. It it now well settled that the rule of Laing v. Colder is applicable to cases where a passenger is injured in, or because of, an accident happening to the train, boat or other means of transportation.

"The reason of the rule in such cases is that a contract to carry is, within the understanding of both parties, a contract to carry safely; and a breach of this contract by reason of the failure or insufficiency of any of the means provided for the carriage puts the carrier upon the defensive. The construction of its roads, cars and boats, and their management and care, are subjects peculiarly within the knowledge of the carrier, and with which the passenger has no means of becoming familiar. When an accident occurs, therefore, the presumption is that it is due to the want of care in construction, repair or management, and the burden of showing its own freedom from fault is on the carrier. But an accident to a passenger while about the premises of the carrier raises no such presumption: Hayman v. Penna. Railroad Co., 118 Pa. 508; nor does an accident befalling a passenger while on board a train and in the course of his journey, unless it is connected in some way with the means of transportation: McKinney v. The Penna. Railroad Co., 124 Pa. 462. Where the injury is chargeable to the manner of construction of a car the rule does not apply if the accident is to the passenger, and not to the car: Farley v. Traction Co., 132 Pa. 58."

The first assignment is sustained and the judgment reversed with a venire facias de novo.