# Williams *v.* Pittsburg Railways Company, Appellant (No. 1).

*Negligence—Street railways—Passenger—Presumption—Evidence.*

1. In an action against a street railway company to recover damages for personal injuries plaintiff charged in his statement of claim that while in the act of boarding a car he received a shock of electricity from the step or handles of the car, and that such shock broke his leg. At the trial he offered no evidence whatever showing or tending to show that the car was out of order or defective, except the evidence that he placed his foot upon the step of the car and felt a shock of electricity and found that his leg was broken. Evidence for the defendant tended to show that other persons used the steps at the time and were not injured, that the car was examined immediately after

the accident and found not to be charged with electricity, and that no accident happened to the car at the time. There was also evidence that the plaintiff and his family were afflicted with what is known as "brittle bone" and had suffered frequently from broken bones. *Held,* (1) that no presumption of negligence arose against the company arising out of the injury to the plaintiff; and (2) that the defendant was only required to satisfy the jury that it was not guilty of negligence which caused the injury.

2. In such a case it is improper to admit in evidence the testimony of a witness for the plaintiff as to a somewhat similar accident which had happened on another car twelve years prior to the accident to the plaintiff. Such evidence is entirely too remote to prove or tend to prove that the car on which the plaintiff was injured was defective.

Argued April 11, 1912. Appeal, No. 73, April T., 1912, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1908, No. 601, on verdict for plaintiff in case of Edward D. Williams, a minor, by his father and next friend, J. H. Williams, and J. H. Williams v. Pittsburg Railways Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for E. D. Williams for $428.54 and for J. H. Williams for $600. Defendant appealed.

*Errors assigned* were (2, 3, 4) portions of charge quoted in the opinion of the Superior Court, and (5) the admission of the testimony of Charles L. Thonen, quoted in the opinion of the Superior Court.

*William A. Challener,* with him *Clarence Burleigh,* for appellant.

*W. P. Rainbow,* with him *Thomas M.* and *Rody P. Marshall,* for appellees.

OPINION BY MORRISON, J., July 18, 1912:

The minor plaintiff, Edward D. Williams, alleged in his declaration that on the night of December 8, 1907, he "desired to become a passenger for hire on a car of the defendant company at Thomas and Lincoln avenues, Bellevue, and motioned said car to stop, and when it had stopped he started with due diligence to board the same, and while in the act of boarding said car he received a terrific charge or shock of electricity from the step or handles of said car and said shock or charge of electricity broke his left leg." He further alleged that his injury was caused through the negligence of the defendant company in allowing said car to be used for the carrying of passengers, when it knew or should have known the same was defective and out of order. Upon the trial of the case the minor plaintiff offered some evidence of the alleged fact that his leg was broken by a shock of electricity while his foot was upon the lower front step of the car referred to, but no evidence whatever was offered showing or tending to show that the car was out of order or defective, except the evidence that he placed his foot upon the step of the car and felt a shock of electricity and found that his leg was broken.

On the part of the defendant there was a large mass of testimony tending to show that the car was in good condition and that people were using the steps of the same, where plaintiff alleged that he was injured, at about the same time and that the steps and handles of the car were examined immediately after the alleged accident and they were not charged with electricity; that no accident happened to the car at or about the time the plaintiff broke his leg. The defendant also offered considerable testimony tending to show that the said plaintiff and his family were afflicted with what is known as "brittle bone" and that the plaintiff and several members of the family had theretofore suffered frequently from broken bones. The contention of the defendant being that on account of the condition of the plaintiff's bones he broke

his leg by the simple effort of stepping upon the car steps.

The plaintiff having rested his case without showing any actual defect in the car or its equipment and without showing any accident or injury to the means of transportation, except what the jury could infer from his testimony and the fact that the bone of his leg was broken, we have reached the conclusion that the case was tried and submitted to the jury on an erroneous theory. In such a case we do not understand the decisions to cast the burden upon the defendant of showing that the accident happened in some other way than through an electrical shock.

We do not sustain the first assignment of error because it only seems to be a fair statement of the plaintiff's theory of his case and we are not prepared to say that the language of the court there quoted is erroneous.

The second assignment is more serious. In substance the court instructed the jury as follows: "Having shown thus far, as he claims, that his leg was broken through the sudden contraction of the muscles of that leg, caused by the electric shock he received from the electrical apparatus of the car, he rests his case. . . . Having done that he has made, in the first instance, what is called a prima facie case, a case which shifts the burden to the defendant to show that the accident and the resulting injuries to this man were not caused by this electrical shock." In view of the authorities, which will be referred to hereafter, this instruction is erroneous. Conceding that the proofs referred to by the court were sufficient to make a prima facie case and cast the burden upon the defendant such burden was not as stated by the court. The only burden resting on the defendant was to satisfy the jury that the injury to the plaintiff did not happen through the negligence of the defendant. It is entirely possible that the plaintiff might have been shocked and injured by electricity through no fault of the defendant. The second assignment of error is sustained.

The third assignment contains the following: "Unless

the defense has clearly answered that, or, in other words, shown that the accident could not have occurred in that way, or must have occurred in some other way, as claimed by them, and as I have explained to you, then your verdict will be for the plaintiff for such sum as will compensate him for the injuries received in the accident. . . ." This assignment must be sustained, for the reason that the defendant was only required to satisfy the jury that it was not guilty of negligence which caused the injury to the plaintiff.

The fourth assignment is as follows: "But if you are satisfied from the testimony that the accident occurred, and that the young man's leg was broken by the electrical shock, whereby the muscles of his leg were suddenly contracted, then your verdict must be for the plaintiff for such sum as will compensate him for the injuries received." This assignment must be sustained because the defendant was only liable in case the jury found from all the testimony that the plaintiff's injury resulted from the negligence of the defendant.

The counsel for the defendant quite clearly and concisely state the defendant's theory as follows: "The injury, or accident, was one which happened to the passenger, and not one which happened to the car or any of the means of transportation; the car was operating perfectly while making the stop for this passenger to get on. Within a few seconds after the accident to the passenger, the car started ahead in its usual way. An examination made at that time disclosed no defect and no defect was testified to, as a fact, by anybody. The whole case was based on the presumption arising out of the injury to the passenger. The distinction between an injury to the means of transportation and an injury to the passenger is important, and is laid down in Herstine v. Lehigh Valley Railroad Co., 151 Pa. 244, and is consistently adhered to as late as Cline v. Pittsburg Railways Co., 226 Pa. 586, and Whitehead v. Pittsburg Railways Co., 230 Pa. 79."

In Cline v. Pittsburg Railways Company, 226 Pa. 586,

the subject is carefully considered by Mr. Justice BROWN and several important cases cited. A reference to Justice's BROWN'S opinion will be found interesting and profitable in this class of cases.

The instructions of the court below, instead of requiring the defendant to show the exercise of care and that the accident to Williams was not caused by defendant's negligence, required the defendant to show that plaintiff's leg was broken in some other way. In our opinion, this is not the correct rule: 3 Hutchinson on Carriers, sec. 1415; Herstine v. Lehigh Valley R. R. Co., 151 Pa. 244.

The fifth assignment complains of the court for admitting the testimony of Charles L. Thonen that, "He had known people to be shocked by tramping on the step of a car when the car was standing still." This testimony was objected to but the court overruled the objection, admitted the evidence and sealed a bill for the defendant. The plaintiff's allegation was that the car on which he sought to become a passenger was defective, because his leg was broken while he sought to board the car, but this witness's testimony was in reference to what happened on another car not less than twelve years prior to the accident to the plaintiff. We think this was entirely too remote to prove or tend to prove that the car in the present controversy was defective. Says Wharton's Law of Evidence, sec. 40 and notes: "Ordinarily, when a party is sued for damages, flowing from negligence imputed to him, it is irrelevant to prove against him other disconnected though similar negligent acts. . . . So, where the question in a suit against a railway company is whether a driver on a particular occasion was negligent, it is irrelevant to prove that he had been negligent on other occasions." The above is quoted with approval by our Supreme Court in Veit v. Class & Nachod Brewing Co., 216 Pa. 29. The fifth assignment of error is sustained.

Having sustained the second, third, fourth and fifth assignments of error, the judgment is reversed with a venire facias de novo.