# Zeaman *v.* Philadelphia Rapid Transit Company, Appellant.

*Negligence—Street railways—Passenger—Collision between cars —Burden of proof—Presumption of negligence—Evidence.*

In an action against a street railway company to recover damages for death of plaintiff's son where the plaintiff shows that his son was killed while seated in a car of the defendant by a collision with another car running in the opposite direction on an adjoining track, the plaintiff establishes a prima facie case, and the burden of proof is shifted to the defendant company to show that it was not guilty of negligence.

In such a case where there are contradictions in the testimony, inferences to be drawn from the statements of the witnesses, illustrated positions of the deceased, descriptions of the construction of the cars, and proof that the accident happened on a curve around which some of the cars of the company could not safely pass at the same time, the case is for the jury, and a verdict and judgment for the plaintiff will be sustained.

Argued Dec. 14, 1915.   Appeal, No. 321, Oct. T., 1915, by defendant, from judgment of C. P. No. 1, Philadelphia Co., Dec. T., 1912, No. 4667, on verdict for plaintiff in case of Louis Zeaman and Rebecca Zeaman v. Philadelphia Rapid Transit Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Trespass to recover damages for death of plaintiff's son.   Before BREGY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiffs for $1,000.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Layton M. Schoch,* for appellant.—There was no sufficient proof of negligence on the part of the defendant: Salerno v. Philadelphia & Reading R. R. Co., 46 Pa. Superior Ct. 243.

The accident was the result of the deceased having his head or arm, or both, over the window screen and without the line of the car: Peoples' Ry. v. Lauderbach, 4 Pennypacker 406; Pittsburgh, Etc., Railroad Co. v. McClurg, 56 Pa. 294; New Jersey R. R. Co. v. Kennard, 21 Pa. 203; Butler v. Pittsburgh, Etc., R. R. Co., 139 Pa. 195; Woodroffe v. Roxborough, Etc., Ry. Co., 201 Pa. 521.

*Henry J. Scott,* for appellees.—The testimony raised questions of fact asserted by plaintiffs and denied by defendant. Whether decedent was guilty of contributory negligence, or whether defendant was guilty of negligence, were questions that only could be determined by a jury: Salerno v. R. R. Co., 46 Pa. Superior Ct. 243.

OPINION BY HENDERSON, J., March 16, 1916:

The refusal of the court to give binding instructions for the defendant or to enter judgment non obstante veredicto, is the error assigned by the appellant. The plaintiff's son was a passenger on a north bound car on Frankford avenue in Philadelphia at about eleven o'clock on the night of September 8, 1912. He was sitting on the left side of the car. While thus riding he received an injury to his head from which he died the same night. It was charged in the statement of claim that the injury was the result of a collision of the car in which the young man was riding with a car of the defendant running southward on a parallel track. The evidence of a witness called for the plaintiff who was riding in the same car seated near the plaintiff's son and looking toward him at the time of the accident was that it was a car going in the opposite direction on the other track that struck him. It is not disputed that two

cars were passing at the time and the evidence showed that a man on the other car on the side next to the plaintiff's son sustained a severe injury to the head at the same time. One of the defendant's witnesses was asleep in a seat in the same car and was awakened by a grating noise "such as running a stick along a grating." The conductor of the southbound car heard "a loud rattle"; it was "just like as though an object was run up against the screen." This noise he heard above that made by the running of the car. The motorman of the southbound car heard a noise which reminded him of a boy running along a paling fence with a stick. McCurdy, a passenger on the southbound car called for the defendant "heard a grating noise and I, of course, looked over quickly to that side of the car and saw this man who was seated in the seat ahead of me had his head cut open and he was bleeding." This was not the plaintiff's son but the man who was injured in the opposite car. There was evidence that the accident occurred on a curve and that new and larger cars which had been in use for some time on this line could not pass at the curve but that when a car approached the curve at a time when another car was making the turn it was stopped until the other car had passed the curve. That an accident occurred which caused the death of a passenger in one of these cars and injured a passenger on the other car is conceded and there is abundant evidence from which the jury might conclude that these cars came in contact in some manner which caused the injury complained of. We have not the opportunity which was afforded the court and jury to ascertain all the facts as developed at the trial for some of the testimony which may have been important was illustrated or demonstrated by the witnesses and the jurors were given an opportunity with the consent of the counsel and court to inspect a car of the same type as those used on Frankford avenue at the time of the accident. It was made to appear, therefore, prima facie that the plaintiff's son was killed while seat-

ed in a railway car of the defendant by a collision with
another car running in the opposite direction on an ad-
joining track.   Under such circumstances the burden of
proof was shifted to the defendant.   It was an accident
connected with the appliances of transportation and
such accidents cast the burden on the defendant: Penna.
R. R. Co. v. MacKinney, 124 Pa. 462; Cline v. Pittsburgh
Rys. Co., 226 Pa. 586.   The defendant denied through
evidence which did not strongly impress the jury that
there was a collision of the cars and offered evidence to
show that the head of the young man who was killed
projected from the car but the testimony is contradic-
tory on this subject and by no means conclusive.   Cer-
tain it is that with the description of the construction of
the car and the position of the person who was injured
presented it should not be said as a fact established be-
yond doubt that such was the case.   Something occurred
to the cars which attracted the attention of employees
and passengers on each of them and which caused those
in charge of the cars to stop them.   A noise was made
the description of which probably satisfied the jury that
the cars were in collision and the testimony offered by
the defense when considered in connection with that
presented by the plaintiff does not incline us to hold
that the injury is attributable to the contributory negli-
gence of the person who was killed.   There were contra-
dictions in the testimony, inferences to be drawn from
the statements of the witnesses, illustrated positions of
the deceased and descriptions of the construction of the
cars which were proper subjects for the consideration
of the jury.   No exception is taken to the charge and the
jury was clearly and correctly instructed on the subject
of contributory negligence.   The jury has found the
facts for the plaintiff and we think the judgment should
not be disturbed.

Judgment affirmed.