## Lurie, Appellant, v. Erie Railroad Co. (No. 1).

*Appeals—Assignments of error—Refusal of new trial—Abuse of discretion.*

1. The action of the court below in refusing a new trial will not be reversed on appeal except for abuse of discretion.

Argued October 9, 1919. Appeal, No. 48, Oct. T., 1919, by plaintiff, from judgment of C. P. Mercer Co., Jan. T., 1912, No. 90, on verdict for defendant, in case of Cecil Lurie, by his father and next friend, George Lurie, v. Erie Railroad Co. Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Trespass for personal injuries. Before SLOAN, P. J., specially presiding.

The court directed a verdict for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was order discharging motion for a new trial.

*Eugene Anderson,* of *Davis, Fruit & Anderson,* with him *L. J. Wiesen,* for appellant.

*Q. A. Gordon,* for appellee.

PER CURIAM, February 23, 1920:

This appeal must be dismissed because it contravenes a settled rule of practice in cases of appeal. The single assignment of error complains of the action of the court in discharging a motion for a new trial. Since the granting of a new trial rests in the discretion of the court, the action of the court with respect thereto is reviewable here only as it can be made to appear that it was an

abuse of the court's discretion to direct as it did: Weitz
v. Banfield, 226 Pa. 241. The record shows no basis
whatever for any such imputation. We are of one mind
with respect to this. Notwithstanding, since the case
presents some features which may be regarded as un-
usual, we have given these full consideration only to
find they are convincing in themselves that a new trial,
had it been granted, could have produced no other result
than that reached on the first.

The appeal is dismissed.