## Pittsburg, Cincinnati, Chicago & St. Louis Railway Co .and Pennsylvania Railroad Co. v. Grom.

(Decided February 2, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Passenger—Personal Injury—Conflict of Laws.—In an action for damages by a passenger for personal injuries received in another State, the lex loci delicti controls.

2. Pennsylvania—Law of—Instructons.—The law of Pennsylvania stated, and an instruction examined, and held properly to present the law of the State.

3. Surprise—Continuance.—A continuance on the ground of surprise should not be granted where counsel might have reasonably anticipated the ground of plaintiff's recovery, and by reasonable diligence have taken the depositions of witnesses, or had them present, to show facts tending to overcome plaintiff's theory of the case.

CHARLES H. GIBSON for appellants.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, William Grom, brought this action against the appellants, Pittsburg, Cincinnati, Chicago & St. Louis Railway Company and Pennsylvania Railroad Company, to recover damages in the sum of $1,999 for personal injuries, alleged to have been due to the negligence of the railroad companies while he was a passenger on their

lines of railroad. The jury awarded him a verdict for the full amount sued for, and the defendants have appealed.

The facts, briefly stated, are as follows: Appellee bought a ticket from Louisville to Atlantic City and return. The accident occurred between Pittsburg and Altoona, in the State of Pennsylvania. At the time of the accident appellee was sitting in the middle of the sixth seat from the front end of the car. He was struck by some hard and heavy substance over the left eye. The frontal bone was fractured and his eye so seriously injured that the sight thereof is permanently impaired. At the time of the accident a freight train was passing. Just before and after the injury, witnesses heard something rattling against the side of the car. It sounded like a chain. Indentations were found on the side of the car which looked as if they had been made by an irregular object in the form of a chain. One of the witnesses saw the passing shadow of the object that struck appellee, and it looked like a chain. Immediately after the injury several persons searched the car, and nothing was found therein which could have caused the injury. Appellant's testimony was to the effect that on the freight trains ordinarily used there are no chains in a position to be swung out so as to strike or enter a train on an adjacent track, and, even if there were such, they would hang by the side of the car by reason of their own weight, and would not swing out from the car by reason of the velocity of the train. The witnesses, however, had no knowledge of the condition of the particular train in question and they admit, on cross-examination, that there were numerous chains in and about freight cars.

The following errors are assigned: 1. The failure of the trial court to award the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company a peremptory instruction. 2. The refusal of the court to grant both appellants a continuance on the ground of surprise. 3. The failure of the court properly to instruct the jury under the law of Pennsylvania. These grounds for reversal will be considered in their order.

In the original petition the only defendant was the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. After alleging that that company was a corporation, and that appellee was a resident of Jefferson county, Kentucky, and had purchased a ticket over its line of railway from Louisville to Atlantic City and return,

he charged that by virtue of the ticket so purchased the defendant contracted to carry him in safety over its lines of railroad from the city of Louisville to Atlantic City, and that while the train on which he was a passenger, occupying a seat in one of defendant's coaches, running through the state of Pennsylvania, another train belonging to and operated by defendant, on one of its tracks near to and parallel with the track on which the train on which appellee was a passenger, was running past said train, some hard and heavy substance or object, through the gross carelessness and negligence of defendant was hurled and thrown with great violence against him, striking him in the head and face, breaking the bones of his face and head, and severely injuring one of his eyes, thereby causing him to suffer great physical pain and anguish, and permanently impairing and destroying the use and sight of his eye. To the petition the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company filed an answer denying the allegations of the petition. Thereupon appellee amended his petition and made the Pennsylvania Railroad Company a party defendant, charging that the two railriad companies were under the same management and control, and operated by the same railway system. The Pennsylvania Railroad Company then filed an answer denying the allegations of the original petition, and later on the two railroad companies filed a joint answer denying the allegations of the amended petition. Thereafter the railroad companies filed an amended answer, wherein they pleaded that their liability was governed and controlled by the laws of the State of Pennsylvania, and set out in general terms the laws of that State. This amended answer also contained an allegation to the effect that when appellee was injured he was in the State of Pennsylvania, and was a passenger on a train of the Pennsylvania Railroad Company, he having been safely carried by its co-defendant, the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company, over its railway so far as it was necessary for it to perform its part of the contract. Because of this latter allegation, which was not denied, and because the record contains no proof to the contrary, it is insisted that the court erred in not directing the jury peremptorily to find for the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. Inasmuch, however, as that company had already denied that appellee, at the time of the injury, was a passenger on one of its trains, and that it had con-

tracted to carry him safely from Louisville to Atlantic City and return, it is manifest that the allegation in the amended answer, to the effect that he had been carried safely over its line as far as it was necessary for it to perform its part of the contract, was merely an affirmative denial. The failure of appellee to traverse this allegation in his reply was not, therefore, such an admission of the fact as to authorize the court on the face of the pleadings to grant a peremptory instruction. The question, then, is whether or not there was any evidence which justified the submission of the case as to the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company. The record contains no evidence tending to show that the two appellants are not under the same control and management, or that the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company did not undertake to carry appellee over its lines in Pennsylvania, or that its lines did not run east of Pittsburg. We find, however, from the record that the ticket which appellee purchased in Louisville, Kentucky, was introduced in evidence and exhibited to the jury. We also find that the deposition of one of the witnesses for appellee is not in the record. In the absence of a bill of exceptions containing all the evidence, we must conclude that there was sufficient evidence not only to authorize the submission of the case to the jury, but to sustain the judgment.

At the conclusion of the evidence for appellee, appellants' senior counsel filed his affidavit and moved for a continuance on the ground of surprise. In this affidavit counsel stated, in substance, that he had had sole charge of the defense of the action that was being tried; that theretofore he had made a most thorough investigation of the facts of the case and had had submitted to him full reports made by the agents of appellants as to all facts connected with the injury. He had never heard until the day before the trial that any attempt would be made to show that appellee was struck by a chain, when he was then informed in a general way by appellee's counsel that he would show that fact. In all the investigations made and in the reports submitted to him, it had never been suggested that the accident could have happened in that way. He was, therefore, taken completely by surprise, as were the appellants, by the evidence introduced by appellee, and he was not then prepared to rebut such evidence. He had taken the deposition of the train conductor, but did not ask him about a chain, because he

had never heard it suggested or thought it possible that a chain could have had anything to do with the accident. If allowed an opportunity to do so he could and would procure testimony of witnesses—all residing in the State of Pennsylvania—which would prove (1) that there were no marks on the car on which appellee was injured indicating that it had recently been struck by anything; (2) that all the persons who were in the coach and near appellee were asked by the conductor and brakeman as to the cause of the accident, and none of them could give any explanation of it, and none of them said anything about hearing a chain or seeing a chain, and none of them suggested that a chain had anything to do with the accident; (3) that at the time there were no chains upon or attached to appellants' engine or cars, or forming any part of the equipment thereof that were long enough to reach into the window of a passenger coach on an adjacent track and strike a passenger, as appellee was struck; (4) that all chains connected with such equipment were, however, short chains, and in the event of their breaking they would drag on the ground, and could not swing out in a horizontal position so as to come in contact with a train on an adjacent track; that such a thing is a physical impossibility; (5) that "shortly after the accident to plaintiff the conductor caused telegraphic notice to be given of it and instructions were immediately given to inspect all west-bound freight trains that had met plaintiff's train to see if anything was attached to or projected from them that could have caused the accident, and such investigation was made and nothing found to explain the cause of the accident;" that these facts could be established by the testimony of several witnesses (naming them) and could not be established by any witnesses living in the State of Kentucky. Did not anticipate, nor did the railroad companies anticipate, and no one could reasonably have anticipated, that appellee would attempt to prove that his injuries were caused in such an unusual or unheard-of manner as being struck by a chain. If the railroad companies had known in time that such proof would be offered, they could and would have met it by showing facts to the contrary.

The foregoing affidavit was not filed until appellants' motion for a peremptory instruction, at the conclusion of appellee's evidence, has been overruled. Before asking for a continuance on the ground of surprise, therefore, counsel for appellants first took the chance of appel-

lee's failing to make out his case. Though apprised of the fact in a general way on the day before the trial, that appellee would attempt to show that he was struck by a chain, he did not ask for a continuance of the case when it was called for trial. At the time of the trial the law of Pennsylvania was in proof. Counsel knew that under that law upon mere proof of injury, unaccompanied by any facts tending to show a collision or a defect of cars, track, roadway, machinery or other negligence appellee could not recover. The deposition of the conductor showed that there was absolutely nothing the matter with the train on which appellee was a passenger. A search was made to find whether or not the object which struck appellee was in the car, and nothing was found. Knowing the law of Pennsylvania, counsel should have anticipated that appellee would attempt to prove facts tending to show negligence in the operation or mechanical appliances of the passing train, as appellee could not recover by merely showing that he was injured by some object, without showing the source from which it came. Furthermore, counsel admits in his affidavit that, immediately after the accident, the conductor caused telegraphic notice of the fact to be given, and instructions were immediately sent out to inspect all west-bound freight trains that had met the train on which appellee was a passenger, to see if anything was attached to, or projected from them that could have caused the accident; and such investigation was made and nothing found to explain the cause of the accident. This being true, counsel should have taken the depositions of witnesses acquainted with such facts, and should not have gone into the trial in the hope that appellee would fail to make out his case, and, in the event that he did make out his case, appellants would be granted a continuance and a further opportunity to prove facts which they could have established before the trial. We, therefore, conclude that the court did not err in failing to grant the continuance asked for.

But counsel for appellants contend that appellants' liability is governed and controlled by the law of Pennsylvania, and that the trial court failed to instruct the jury in conformity with the law of that State. In actions for personal injuries against carriers of passengers, the law is well settled by the great weight of authority, that the lex loci delicti governs, and not the lex loci contractus, and the rights given by the lex loci delicti can only be defeated by defences which are given under the lex

loci delicti.  (Hutchinson on Carriers, section 265.)  This rule has been applied in this State in the case of injuries to employes, but the question has not been determined in a case where the party injured was a passenger.  It is insisted by counsel for appellants that the rule should not apply to passengers where the contract to carry is made in the State where the action is brought, and the passenger is injured in another State, for the reason that the contract itself should control.  It is a rare thing, however, that the ticket contains any express condition that the carrier is to use proper care to transport the passenger in safety.  The duty of the carrier to use proper care in the transportation of the passenger is one imposed by law, and the right of action grows out of the liability which the law imposes, rather than out of the contract of transportation.  The ticket is an evidence of the relationship which the passenger sustains to the carrier, and the carrier is liable because of the failure of duty with respect to that relationship rather than its failure to comply with an implied condition of the contract of carriage.  In other words, where the relationship of passenger and carrier exists, whether by reason of the purchase of a ticket or otherwise, the carrier must exercise towards the passenger the care required by law; and for that reason the carrier's negligence must depend upon whether or not it exercised the care required by the law of the place where the injury occurred.  That being true, the negligence of appellants in this case must be measured by the law of Pennsylvania.  That law has been pleaded and put in proof, and there is, therefore, no presumption that the law in Pennsylvania is the same as that in Kentucky.

The law of Pennsylvania is, that where a passenger is injured, either by anything done or omitted by the carrier or its employes, or anything connected with the appliances of transportation, the burden of proof is upon the carrier to show that such injury was in no way the result of its negligence; but to throw this burden upon the carrier, it must first be shown that the injury complained of resulted in the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation.  Following this rule, it was there held that, where a passenger on a railroad train, while sitting at the window of a car, was injured by a missile, the nature and origin of which was unknown, and there was

nothing to connect the accident with a defect in any of the appliances of transportation, or any negligence on the part of the company or its employes, there could be no recovery. (Pennsylvania Railroad Company v. McKinney, 124 Pa., 462.) Briefly stated, then, the Pennsylvania rule is that no presumption of negligence arises from mere proof of injury to a passenger. Negligence will be presumed only from the circumstances of the accident; and when these circumstances are as consistent with the absence of negligence as with negligence itself, the burden of proof is still upon the party injured. The evidence in this case showed that, at the time of appellee's injury, a freight train was passing the train on which he was a passenger. Just prior to the time he was struck, something ratled against the side of the car that sounded like a chain. One of the passengers saw the shadow of the object which struck appellee. The rattling continued after the injury. There were marks upon the side of the car that indicated it had been struck by something of irregular shape. No object of any kind, which could have struck appellee, was found in the car. If the object that struck him had been a stone, or something of that sort, it would not have struck him and then gone out of the window. It is reasonably certain, therefore, that the object which struck appellee was attached to the passing freight train. It was evidence of negligence on the part of appellants to have attached to the train any kind of swinging objects that might enter the window of a car on an adjoining track and strike a passenger. With these facts in evidence, it was incumbent upon appellants to rebut the presumption of negligence.

The court instructed the jury as follows:

"1. It was the duty of the defendants' agents and servants in charge of its engines and cars, to exercise for the safety of the plaintiff the highest degree of care usually exercised by ordinarily careful and prudent persons, engaged in the transportation of passengers for hire, and if you believe from the evidence that while the plaintiff was a passenger on a train of the defendants then being operated by the defendants from Pittsburg to Altoona in the State of Pennsylvania, the defendants' agents and servants, in charge of the train on which the plaintiff was a passenger, or in charge of another train of defendants, or whose duty it was to care for and look after said trains or either of them, failed to exercise such care and by reason thereof a chain or some other

hard and heavy substance or object was caused to strike the plaintiff, and he was thereby injured, the law is for the plaintiff and the jury should so find.

"But unless the jury believe from the evidence that while the plaintiff was a passenger on a train of the defendants then being operated by the defendants from Pittsburg to Altoona in the State of Pennsylvania, the defendants' agents and servants in charge of the train on which the plaintiff was a passenger or in charge of another train of defendants, or whose duty it was to care for and look after said trains or either of them, failed to exercise the degree of care specified in the first instruction, and by reason thereof a chain or some other hard and heavy substance or object was caused to strike the plaintiff and he was thereby injured, the law is for the defendants and the jury should so find.

"2. If the jury find for the plaintiff they should award him such a sum in damages as will fairly and reasonably compensate him for the mental and physical pain and suffering endured by him as a direct result of such injury, and for the permanent impairment, if any, of his power to earn money resulting from said injury, if any, not to exceed in all the sum of $1,999.00, the amount claimed in the petition."

It will be observed that the foregoing instruction imposed upon appellants, in looking after the safety of appellee, only the highest degree of care unusually exercised by ordinarily careful and prudent persons engaged in the transportation of passengers for hire. The law of Pennsylvania imposes the utmost degree of prudence and care. (Laing v. Colder, 8 Pa., 481.) The first portion of the instruction, therefore, is not subject to criticism, for, if anything, it was more favorable to appellants than to appellee. Furthermore, the court did not tell the jury that appellee had been injured and it was therefore necessary for appellants to introduce evidence to rebut the presumption of negligence, but it permitted a recovery only in the event that appellants failed to exercise the highest degree of care usually exercised by ordinarily careful and prudent persons engaged in the transportation of passengers for hire, and that by reason thereof appellee was struck and injured by a chain or some other hard and heavy substance or object. In other words, the jury had to believe from the evidence that appellants were guilty of negligence in the respect indicated before they could render a verdict for appellee.

While the instruction may not have been in the exact form that the Pennsylvania courts would have given, yet we are of the opinion that, under the law of that State, it fairly presented the issues involved.

Judgment affirmed.