## PENNSYLVANIA R. CO. v. H. G. MacKINNEY.

ERROR TO THE COURT OF COMMON PLEAS NO. 3 OF PHILA-
DELPHIA COUNTY.

Argued February 1, 1889—Decided March 4, 1889.

1. The rule of Laing v. Colder, 8 Pa. 481, and other like cases, that a presumption of negligence on the part of the carrier arises when a passenger is injured in the course of transportation, cannot be invoked without evidence tending to connect the carrier, or its employees, or some of the appliances of transportation, with the happening of the injury.

2. Where the case of the plaintiff was, that while sitting in his seat in the car, at an open window, he was struck in the eye by something like a piece of coal and observed at the time another engine and train of defendant company rapidly passing the window in the opposite direction, on an adjacent track, no presumption of negligence on the part of the defendant company arose.

3. In nearly every case in which the rule under consideration has been applied, it will be found that the injury complained of was shown to have resulted from the breaking of machinery, collision, derailment of cars, or something improper or unsafe in the conduct of the business or in the appliances of transportation: per Mr. Justice STERRETT.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 92 January Term 1889, Sup. Ct.; court below, No. 331 June Term 1887, C. P. No. 3.

On June 1, 1887, Herbert C. MacKinney brought case against the Pennsylvania Railroad Company, to recover damages for personal injuries received while a passenger on the defendant company's railroad.

At the trial on November 1, 1888, it was shown that on May 21, 1887, the plaintiff was a passenger on an afternoon train from New York to Philadelphia. At about 3:30 P. M., after the train had passed Trenton, the plaintiff was seated in the third or fourth seat from the front end of the car, reading a newspaper at an open window, when something struck him in the eye. He testified: "The blow was received in my left eye.

It was so severe that it almost stunned me. It threw me back into the seat. As I recovered, to an extent, from the shock, I covered my right eye to see if the sight were entirely lost, as I presumed the blow had burst the left eye. I found I could still see a little, but I was suffering excruciating agony, and I laid back in the seat, covering it up with the handkerchief."

Just as the blow was received, the plaintiff observed the locomotive and tender of a New York bound train pass the window at which he was sitting. Both trains were running rapidly. On cross examination, he testified: "When I recovered somewhat from the shock it came into my mind to see if I could find what object had struck me, but I could not discover any. I was in a very disabled condition, and could not look with any great care, but I did what I could, and could not find any." When the plaintiff arrived at Philadelphia, he had his eye treated by an oculist who removed from it a number of particles of a substance like coal. The face about the eye was somewhat bruised. On his recovery from the immediate suffering occasioned by the injury, the eye remained impaired in its powers, and the plaintiff was obliged to wear glasses having lenses of different construction. He was the head of a firm of manufacturing jewelers, and did the designing and selection of stones.

On the part of the defendant, the trainmen in charge of plaintiff's train, and those in charge of passing trains (but not of all of them, as claimed by the plaintiff), testified that they knew nothing of the occurrence, and had done nothing to cause it; and the train inspectors testified that the spark-arresters upon the locomotives were in good order.

At the close of the testimony, the court, FINLETTER, P. J., charged the jury:

The plaintiff in this case claims to recover from the defendant damages for injuries which resulted from the negligence of its employees. The defendant, you will understand, is responsible for the negligent acts of all those persons who may be in its employment.

The injuries complained of were received whilst the plaintiff was being carried by the defendant as a passenger. The only questions which can arise, therefore, in this case are: first, did

Charge of Court below.

the injuries arise from the negligence of the defendant; and, secondly; if they did, what damages should be found by the jury for the negligent act of the defendant.

[The rule of law as applicable to the case is, that the mere happening of an injurious accident to a passenger while in the hands of the carrier, will raise prima facie a presumption of negligence and throws the onus that it did not exist on the carrier. Under this principle, and the facts in this case, the jury will begin their consideration of it with the fact established that the injuries were the result of the negligence of the defendant. This fact must be rebutted or answered by the evidence. In other words, the defendant must show by evidence that it was not negligent. If it has not done this the verdict must be for the plaintiff.] [1]

It is your duty of course to consider all the evidence in the case and to come to a conclusion upon this question of negligence. If you find that the defendant was negligent, then the question of damages must be considered by you.

In that event the plaintiff would receive compensation for the pain and suffering; he should also receive compensation for any loss of time, and for all expenses that attended his recovery from the accident. He is also entitled to compensation for any permanent injury which has resulted from the accident; and, in addition to all these, he is entitled to compensation for any injury to his earning capacity which is the result of the accident complained of. His damages considered altogether should only be for compensation.

The defendant requests the court to charge:

1. The evidence fails to show that the violence which occasioned the plaintiff's injury proceeded from the employees or servants of the defendant, or was due in any way to any negligence on the defendant's part. Under such circumstances there can be no recovery by the plaintiff; hence the verdict should be for the defendant.

Answer: Refused.[2]

2. Under the circumstances of the present case, no presumption of negligence arises against the defendant from the mere fact that the plaintiff was a passenger and was injured while riding in the defendant's cars.

Answer: Refused.[3]

Arguments.

**3.** The burden of proof is on the plaintiff to show that the injury for which he sues was occasioned by the negligence of the defendant; and, under the circumstances of the present case, the burden resting upon the plaintiff is not satisfied by the mere presumption of negligence which sometimes arises against a carrying company when a passenger is injured.

Answer: Refused.[4]

4. Under all the evidence in the case the verdict should be for the defendant.

Answer: Refused.[5]

The matter is now for you to determine, and your verdict should be a fair estimate of the damages which you think ought to be awarded in this case.

The jury returned a verdict in favor of the plaintiff for $2,250. Judgment having been entered on the verdict, the defendant took this writ assigning as error:

1. The part of the charge embraced in [ ][1]

2–5. The refusal of the defendant's points.[2 to 5]

*Mr. Geo. Tucker Bispham* (with him *Mr. Jno. Hampton Barnes*), for the plaintiff in error:

1. The plaintiff's whole case was this: While a passenger, seated by an open window upon a railway train, which was passing another train upon an adjacent track, he was struck by a piece of coal or stone. It is submitted that this does not make a case for which the defendant is responsible; for, although the action be by a passenger, the mere fact of injury is not of itself sufficient to raise a presumption of negligence against the carrier, but the evidence on the part of the plaintiff must show a positive act, occurrence or omission, on the part of the defendant, contributing to the injury, which may be reasonably referred to the negligence of the defendant: Fed. St. etc. Ry. Co. v. Gibson, 96 Pa. 83; Laing v. Colder, 8 Pa. 481; Sullivan v. Railroad Co., 30 Pa. 234; Pittsburgh etc. R. Co. v. Pillow, 76 Pa. 513; Phil. & R. R. Co. v. Anderson, 94 Pa. 357; Spear v. Railroad Co., 119 Pa. 61.

2. The case last cited was considered by the court below to rule this case, and to furnish authority for the instruction complained of. To show that this was erroneous, it is sufficient to quote the following language of the opinion: "The person in-

jured was a passenger; the injury occurred after the carriage
had begun, and the cause of the injury was an explosion on the
boat which was the vehicle or instrument of carriage, and which
was under the exclusive care and control of the defendant's
servants;" this language preceding the statement of the rule as
adopted in totidem verbis by the court below, without its quali-
fication. An exposition of the meaning of the rule is found in
Laing v. Colder, 8 Pa. 479, and this case would seem to be
ruled, not by Spear v. Railroad Co., but by Pass. Ry. Co. v.
Trich, 117 Pa. 390. Here the cause of the injury was unknown;
but nevertheless it was not shown to be within the carrier's con-
trol; and no presumption of a carrier's negligence arises in
such case, any more than if the plaintiff below had been shot
by a pistol bullet.

*Mr. Mayer Sulzberger*, for the defendant in error:

1. The mere happening of an injurious accident causing in-
jury to a passenger, raises prima facie a presumption of negli-
gence and throws upon the carrier the onus of showing that it
did not exist. The rule as laid down in Laing v. Colder, 8 Pa.
483, is plain, and was said by Mr. Justice WILLIAMS in Penn.
R. Co. v. Raiordon, 119 Pa. 577, to be well settled.

2. The rule of Laing v. Colder, is subject only to the modi-
fication that when the cause of the injurious accident is known
to result from the act of a stranger, the onus is then shifted:
Fed. St. etc. Ry. Co. v. Gibson, 96 Pa. 83; Pass. Ry. Co. v.
Trich, 117 Pa. 390.

3. The case of the plaintiff is clear. There was strong evi-
dence that the piece of coal which did the mischief came from
the defendant's other train that was rapidly passing the window
in the other direction, from which evidence the jury would be
justified in finding that the injury did proceed from causes
within defendant's control, bringing the case within the rule of
Spear v. Railroad Co., 119 Pa. 61. On the trial the company
accepted this burden, but, giving no explanation whatever of
the cause of the accident, attempted to relieve itself by dis-
proving its negligence, and in this it failed.

OPINION, MR. JUSTICE STERRETT:

In May, 1887, plaintiff below was a passenger on one of de-

fendant company's cars, bound for Philadelphia. While he was occupying the third or fourth seat from front end of the car, left side, next to an open window, and the train was running rapidly, some distance south of Trenton, he received a violent blow on the left eye, causing the severe and painful injury of which he complains. The nature of the injury indicated that he was struck by some hard substance, hurled with considerable force. Surgical examination of the eye, made on arrival at Philadelphia, showed that it was probably a piece of coal. Small particles of some hard substance resembling coal were found and removed from the injured organ. Plaintiff testified the blow was so severe that it almost stunned him, and threw him back into his seat. He further said: "As I recovered, to an extent, from the shock, I covered the right eye to see if the sight was entirely lost, as I presumed the blow had burst the left eye. I found I could see a little, but I was suffering excruciating agony." The character of the injury and circumstances attending it were such that plaintiff had no opportunity for successful investigation, and of course, he was unable to explain how it occurred. All he knew was that, at the time he was struck, he saw, through the open window at which he was sitting, one of the company's trains passing in the opposite direction, immediately on the left of the train on which he was being carried; that, simultaneously with receiving the blow, the engine of that train was directly opposite the window, and was thus interposed between him and that side of the railroad and land adjacent thereto. That fact, it was claimed by him, negatived any inference that the injury resulted from the act of a stranger, or any one not connected with the operation of the road. His theory was that a piece of slate or coal was negligently thrown by the fireman or other employee on the passing engine, either in an effort to get rid of it, or in drawing or working at his fire, etc.; but, of course, that could not be assumed by the court as an admitted or established fact.

While the circumstances in evidence tended to sustain the plaintiff's theory, the cause of the accident was not satisfactorily explained by either party. The company's employees in charge of the train on which plaintiff was, testified that they knew nothing of the occurrence, and had done nothing to bring it about. Other employees, in charge of passing trains, testified

that they had not drawn or worked at their fires, or thrown off any slate, coal, or any other substance from their engines or tenders, and that none had fallen therefrom. Evidence was also introduced to prove that all the appliances, machinery, etc., of the road, including the engines, were in good order, and that the latter were properly provided with approved spark-arresters, etc. There was no derailment of the train, no collision with any train or other object on the road, no breaking of any machinery connected with the south bound train, nor any evidence of anything wrong with the passing trains or cars.

In view of the evidence tending to prove a state of facts such as that above indicated, the defendant company presented four points for charge, in the first and fourth of which binding instructions to find for defendant were asked on the ground that there was no evidence of negligence proper for the consideration of the jury. These points, we think, were rightly refused. The other two points were as follows:

2. " Under the circumstances of the present case, no presumption of negligence arises against the defendant from the mere fact that the plaintiff was a passenger, and was injured while riding in the defendant's cars."

3. " The burden of proof is on the plaintiff to show that the injury, for which he sues, was occasioned by the defendant; and, under the circumstances of the present case, the burden resting on the plaintiff is not satisfied by the mere presumption of negligence which sometimes arises against the carrying company when a passenger is injured."

The learned president of the Common Pleas also declined to affirm either of these points, and emphasized his refusal by charging, inter alia, as complained of in the first specification of error, viz.: " The rule of law, as applicable to this case, is that the mere happening of an injurious accident to a passenger while in the hands of the carrier will raise prima facie a presumption of negligence and throws the onus that it did not exist, on the carrier. Under this principle, and the facts in this case, the jury will begin their consideration with the fact established that the injuries were the result of negligence of the defendant. This fact must be rebutted or answered by evidence. In other words, the defendant must show by evidence that it was not negligent. If it has not done this the verdict

must be for the plaintiff." In immediate connection therewith, he said to the jury: " It is your duty, of course, to consider all the evidence in the case and to come to a conclusion on this question of negligence. If you find that the defendant was negligent, then the question of damages must be considered by you."

The rule clearly stated by the learned judge in the foregoing excerpt from his general charge, is not only an old and well settled principle of law, but one of very general application in cases of injury to passengers while in the course of transportation. The only question is whether it is of such universal application, that it can be invoked without proof of something more than the mere fact of an injurious accident to a passenger while in the hands of the carrier, and in the absence of any admission or evidence tending to connect the latter, or his servants, or any of the appliances of transportation, with the happening of the injury.

The rule in question has been frequently recognized, and the presumption of negligence applied in a variety of cases, among which are stage coach accidents, resulting from breaking an axle, etc.; railroad accidents, including derailment of cars, collisions, breaking of machinery, falling of berth of sleeping-car, violent outbreak among other passengers on train; explosion on passenger vessel, etc.: Christie v. Griggs, 2 Camp. 79; Stokes v. Saltonstall, 13 Pet. 181; Ware v. Gay, 11 Pick. 109; Hipsley v. The Railroad Co., 27 Am. & E. R. Cases 287; Feital v. Middlesex R. Co., 109 Mass. 398; Edgerton v. Railroad Co., 39 N. Y. 229; Sullivan v. Railroad Co., 30 Pa. 234; Railroad Co. v. Walrath, 8 Am. & E. R. Cases 371; Railroad Co. v. Pillow, 76 Pa. 510, 513; Spear v. Railroad Co., 119 Pa. 61; Packet Co. v. McCool, 8 Am. & E. R. Cases 390; Laing v. Colder, 8 Pa. 481; Holbrook v. Railroad Co., 12 N. Y. 236; P. & R. R. R. Co. v. Anderson, 94 Pa. 351; Story on Bailments, 592, 601; Shearman & Redfield on Negligence, §§ 280, 280 a, and notes.

In nearly every case in which the rule under consideration has been applied, it will be found that the injury complained of was shown to have resulted from breaking of machinery, collision, derailment of cars, or something improper and unsafe in the appliances of transportation or in the conduct of the busi-

ness, and not from any cause wholly disconnected therewith. In Laing v. Colder et al. the plaintiff's arm was broken because the side of the bridge was dangerously close to the side of the track, but in that case there was evidence of contributory negligence, etc. The injury in Sullivan v. Railroad Co. resulted from collision of the train with an obstruction on the track. In Railroad Co. v. Pillow the injury was caused by an outbreak of violence among other passengers in the car; and in Spear v. Railroad Company the injury resulted from an unexplained explosion on board a crowded steamer.

In the latter case our brother WILLIAMS summarized the controlling facts and applied the rule thus: "The person injured was a passenger; the injury occurred after the carriage had begun, and the cause of the injury was an explosion on the boat, which was the vehicle or instrument of carriage, and which was under the exclusive care and control of the defendant's servants. The rule of law is that the mere happening of an injurious accident to a passenger while in the hands of the carrier will raise prima facie a presumption of negligence, and throw the onus of showing that it did not exist on the carrier." Of course, the rule, as thus broadly stated, must be considered in connection with the facts which warranted its application; and this is so in regard to all the cases. The facts and circumstances connected with the injury complained of in each furnished the basis for a presumption of negligence. As was said in Railroad Co. v. Napheys, 90 Pa. 141, the general rule undoubtedly is that the party who alleges negligence as the basis of a claim for damages must prove the fact alleged, and the extent of the injury, if more than nominal damages are claimed; but, in some cases, slight proof only is required to justify a presumption of negligence. The mere circumstance attending the injury when put in proof may be enough to cast the burden of exculpation on defendant. If a passenger seated in a railroad car is injured in a collision, or by the upsetting of the car, the breaking of a wheel, axle, or other part of the machinery, he is not required to do more, in the first instance, than prove the fact and show the nature and extent of the injury. A prima facie case for plaintiff is thus made out and the onus is cast on the carrier to disprove negligence. It is reasonable that it should be so, because the company has in its possession and

under its control, almost exclusively, the means of knowing what occasioned the injury, and of explaining how it occurred, while as a general rule the passenger is destitute of all knowledge that would enable him to present the facts and fasten the negligence on the company, in case it really existed. The contract to carry implies that the company is provided with a safe and sufficient road; that its cars are staunch and road-worthy; that every precaution which human skill, prudence, and foresight could suggest has been taken to guard against every apparent danger that may beset the passenger, and that the servants in charge are tried, sober, and competent men. When a passenger is injured by any accident connected with the means or appliances of transportation, there naturally arises a presumption that it must have resulted from some negligent act of omission or commission of the company or some of its employees, because, without some such negligence, it is very improbable that the accident would have occurred. That is the basis on which the presumption rests, and it stands as proof of negligence until it is successfully rebutted. It arises not from the naked fact that an injury has been inflicted, but from the cause of the injury, or from other circumstances attending it. As a rule of evidence the principle was approvingly recognized and applied in Railroad Co. v. Anderson, 94 Pa. 351, and other cases.

In Holbrook v. The Railroad Co., supra, a case in some respects similar to the one before us, it appeared that at the moment plaintiff's arm was broken, the passenger car, in which she sat, was opposite a boarding car which had been placed on the adjoining track for the accommodation of the company's workmen. A long horizontal mark on the passenger car and other circumstances indicated that plaintiff's arm, as well as the car, had come in contact with some object of considerable size and strength, firmly fixed in its position and probably connected in some way with the boarding car, and at the same time tended to negative any inference that the injury could have been caused by a stone or other missile thrown by any person outside. The immediate cause of the injury, however, was not explained. The case having been submitted to the jury with instructions to ascertain from the evidence whether the injury resulted from anything disconnected with the com-

pany or not, etc., a verdict in favor of the plaintiff was rendered. After stating the general rule as to the burden of proof, etc., the Court of Appeals said : " It generally happens, however, in cases of this kind, that the same evidence which proves the injury done, proves also the defendant's negligence, or shows circumstances from which strong presumptions of negligence arise, and which cast on the defendant the burden of disproving it. For example, a passenger's leg is broken while on his passage in a railroad car. This mere fact is no evidence of negligence on the part of the carrier until something further be shown. If the witness who swears to the injury testifies also that it was caused by a crash in a collision with another train of cars belonging to the same carrier, the presumption of negligence immediately arises ; not, however, from the fact that the leg was broken, but from the circumstances attending the fact. On the other hand, if the witness who proves the injury, swears that at the moment when it happened he heard the report of a gun outside of the car, and found a bullet in the fractured limb, the presumption would be against the negligence of the carrier. It is incorrect therefore to say that the negligence of the carrier is to be presumed from the mere fact that an injury has been done to the plaintiff. The presumption arises from the cause of the injury or from other circumstances attending it, and not from the injury itself."

It follows from what has been said that the learned judge of the Common Pleas erred in directing the jury to begin their consideration of the case " with the fact established that the injuries were the result of negligence of the defendant." If the case had been submitted to the jury on the evidence and they had found therefrom that the plaintiff's injury resulted from something connected with the operation of the railroad, and not from something entirely disconnected therewith, and with which neither the company nor its employees had anything whatever to do, that would have raised prima facie a presumption of negligence on the part of the company and thrown upon it the burden of proving that it did not exist.

Judgment reversed, and a venire facias de novo awarded.