### ALLISON et al. v. ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS.* (No. 2851.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 15, 1924. Rehearing Denied Jan. 17, 1924.)

Railroads ☞464—Negligence in setting out fire held not proximate cause of injuries to occupant in fighting fire.

A railroad's negligence in setting out a fire, which spread from its right of way to adjoining premises, *held* not the proximate cause of injuries to an occupant thereof in fighting the fire; her attempt to put it out being a supervening agency causing the injuries, which were so improbable, in the exercise of due care, that the railroad could not anticipate them.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Action by Alice Allison and husband against the St. Louis Southwestern Railway Company of Texas. From a judgment of dismissal, plaintiffs appeal. Affirmed.

This was a suit by appellant Alice Allison, joined by her husband, appellant M. J. Allison, against appellee. It was to recover damages for personal injury they claimed Mrs. Allison suffered in fighting fire set out by ap-

pellee on its right of way, and which spread therefrom to premises occupied by appellants and their children. The trial court thought appellants failed to state a case entitling them to relief against appellee, and sustained exceptions to their petition on that ground. The appeal is from a judgment dismissing the suit when appellants failed to amend their petition. Appellants' cause of action was stated in said petition as follows:

"That on the 10th day of January, 1923, plaintiffs with their eight children were living on their farm two miles from Tyler, in Smith county, and their said farm joined the right of way of the defendant's line of railway. That on said last-named date the defendant company, by and through the negligent handling of its locomotive engine and train by its agents and persons in charge thereof, and by the failure and negligence of said defendant company to properly equip its locomotive engine with spark arresters, set fire to the grass and weeds on the farm of plaintiffs, causing a great fire to spread rapidly on their premises, and to prevent the burning and destroying of the house, household goods, and the three infant children of plaintiffs, who were in the house at the time of the fire, they both were forced and compelled to fight said fire. That during the time the plaintiff, Alice Allison, was fighting said fire to protect their three infant children from being burned, injured, or killed thereby, and the destruction of their property by the fire, one of her eyes was badly burned by a spark of fire, from which she has lost the sight, or vision, of same. That therefrom she has suffered great physical and mental pain. That she, unknown to her at the time of the fire, was pregnant, and has since said date been threatened with miscarriage, and has been almost confined to her bed and room, and has suffered great physical and mental pain therefrom, all of which was caused by the negligence of the defendant company, as aforesaid. Plaintiff was not rash, reckless nor negligent in fighting this fire, but she fought same in as careful and as prudent a manner as was possible under such circumstances, acting with such care and caution as a reasonably prudent person would have exercised under the same circumstances. That at the time of this fire plaintiffs' infant children, three girls, 6, 4, and 2 years old, respectively, were in the house. That they were and are children of tender years, too young to appreciate the danger, and were irresponsible. That plaintiff fought the fire, which was rapidly encircling the house, to save and protect her infant children from injury or death which threatened them, because of this fire which was started by defendant's inattention, negligent and careless method of operating and running its trains, as aforesaid. * * *

"Plaintiffs allege that the negligent handling of said train by agents and persons in charge thereof, and the failure to properly equip its said locomotive engine with the proper spark arresters to prevent sparks from being emitted therefrom, was the direct and proximate cause of the injury to plaintiff."

Wm. H. Hanson and David Wuntch, both of Tyler, for appellants.

Bryan Marsh and Marsh & McIlwaine, all of Tyler, for appellee.

WILLSON, C. J. (after stating the facts as above). In Seale v. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, the plaintiff, suing for damages for the death of her daughter, alleged in her petition that the daughter, 15 years of age, was fatally burned while exercising due care in fighting fire negligently set out by the defendant, and which was destroying property belonging to the plaintiff. The Supreme Court concluded that the proximate cause of the daughter's death was her attempt to put out the fire, and not the negligence of the defendant in starting it, and affirmed the judgment of the trial court sustaining exceptions to the plaintiff's petition. After stating that "the tendency of our courts" is "not to regard the original negligent act as the proximate cause, where any new agency, not within the reasonable contemplation of the original wrongdoer, has intervened to bring about the injury," the Supreme Court said:

"From the allegations of the present petition, it is clear that but for the attempt of the deceased to put out the fire, her death would not have ensued. This act of hers was the new agency, which, supervening upon the original wrongful act of the appellee, brought about the misfortune of which the appellant complains. The defendant should have anticipated that its negligence would endanger the property of the plaintiff. It should have anticipated that plaintiff, and perhaps others, would attempt to extinguish the fire and thereby save her property. But could it have anticipated that in this attempt the life of any one would be lost? * * * That one exercising due care, and incurring no risks, in extinguishing a fire, should have the flames communicated to her clothes, and thereby lose her life, is something so improbable that the anticipation of it should not be charged to any one under such circumstances. Such a thing might happen, but it would be only from some casualty which could not possibly be foreseen; and, in such cases, as we have seen, the original negligence cannot be regarded as the proximate cause of the injury."

We see no material difference between the facts, as alleged, of the Seale Case and this one, and therefore feel bound to hold that the trial court did not err when he dismissed appellants' suit.

The judgment is affirmed.