## TEXAS ELECTRIC RY. v. SCOTT.
### (No. 10421.)

Court of Civil Appeals of Texas. Dallas. July 2, 1929.

Rehearing Denied Nov. 2, 1929.

Beall, Worsham, Rollins, Burford & Ryburn, of Dallas, for appellant.

Randell & Randell, of Sherman, and Touchstone, Wight, Gormley & Price, of Dallas, for appellee.

LOONEY, J. W. E. Scott, Jr., sued Texas Electric Railway, a common carrier, to recover damages for personal injuries received, at some point between Dallas and Corsicana, while a passenger on one of defendant's interurban cars. His injuries were received under substantially the following circumstances: The forward end of the car, composed chiefly of glass, near which plaintiff was seated, collided with a flying buzzard with such force as to break the center pane, the buzzard crashed through into the car, and a sliver of glass flew into and destroyed the sight of plaintiff's left eye requiring its removal.

The issues joined by the pleadings, as reflected by the findings of the jury, are as follows: That defendant was negligent, in failing to furnish plaintiff a safe method of transportation; in failing to have the car equipped with glass screens and guards so as to prevent the glass from being shattered by such a collision; in running the car at the speed it was running at the time of the collision; in failing to keep a sufficient lookout; in failing to slow down sufficiently after the motorman discovered buzzards in the pathway of the car; in not giving an alarm after such discovery; in leaving on its track a dead possum, which had evidently attracted the buzzards to the place—and that each act and omission of negligence so found was a proximate cause of plaintiff's injuries. The jury assessed plaintiff's damages at $5,500, and on these findings the court rendered judgment for plaintiff, from which defendant has appealed.

Defendant presents for our consideration a number of assignments, based on the alleged error of the court, in overruling demurrers, in giving and in failing to give charges, and in admitting evidence over objections.

One error presented is that the court erred in failing to define the phrase "new or independent cause," used in its charge. In defining proximate cause, the court charged the jury as follows: "By the term proximate cause, as used in this charge, is meant such a cause as would in a natural and unbroken and continuous sequence, without intervention of any new or independent cause, produce a result, and from which, such result or some like result might reasonably have been foreseen or anticipated."

Defendant excepted to the charge, because it nowhere defined the phrase "new or independent cause." Under the rule laid down in Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570, we hold that the assignment presents reversible error.

Defendant also insists that the court's charge, in the form given, placed the burden of proof upon defendant to show that plaintiff's injuries resulted from an unavoidable accident. Special issue No. 1 submitted the question as follows: "Do you find and believe, from a preponderance of the evidence, that the defendant, W. E. Scott, Jr., sustained the injuries, if any, complained of as the result of an unavoidable accident?" We sustain this assignment. In Rosenthal, etc., Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521, a charge in almost identical language was held erroneous, because it placed the burden of proof upon defendant.

So for these errors the case would have to be reversed and remanded at all events, but a larger question is presented by defendant in its contention that the court erred in not instructing a verdict in its favor, because, as a matter of law, defendant was not, under the facts of the case, in any sense negligent, in that, it could not, by the exercise of the care imposed upon it by law, have anticipated the collision between the buzzard and the car, or that any similar incident would have resulted from any negligent act or omission found by the jury.

Mr. Lowenstein, a passenger, and Mr. Littleton, the motorman, were the only witnesses who saw the buzzards prior to the collision. Lowenstein testified that he saw two buzzards fly up from the track about 150 or 200 feet ahead of the car, that he had not seen them before, and that about a minute later the buzzard crashed through the window glass. Littleton, the motorman, standing at the front end of the car on the west side, testified that he saw two or three buzzards on the track about 200 yards from the car; that they flew up and out of his sight towards the west, and, as the car about reached the place from which they arose, a buzzard flying from the east or southeast crashed through the center pane of the glass in the end of the car and fell inside. This evidence establishes indisputably, that the buzzards flew up and out of sight of the witnesses before the collision; that the car did not run up and collide with them on the track.

The injury received by plaintiff was grievous, irreparable, and wholly without fault on his part; the findings of the jury on the issues of fact were all in his favor and stand approved by the trial judge; but, with all that, the conclusion is inescapable that, even if it be conceded that defendant was guilty of negligence in each and all respects found by the jury—questions we do not determine, because not necessary under our view of the case—still the evidence fails to show a causal connection between defendant's ascertained negligence, and the unusual and unlooked for act of the buzzard in flying against and breaking through the glass window of the car.

It is a well-known characteristic of wild birds to take fright and fly away from, rather than towards, approaching objects, and the capricious act of the buzzard, in this instance, was so contrary to human experience, that it could not reasonably have been anticipated or guarded against.

Using the language of Judge Gaines, in T.

& P. Railway Co. v. Bigham, 90 Tex. 227, 38 S. W. 162, 164, we are of opinion that "nothing short of prophetic ken could have anticipated the happening of the combination of events which resulted in the injury to the person of the plaintiff."

In the case of Dallas v. Maxwell (Tex. Com. App.) 248 S. W. 667, 670, 27 A. L. R. 927, Judge McClendon, after an exhaustive examination of the subject of anticipation or foreseeableness, stated the law, in part, as follows: "In this state it is now a settled doctrine that anticipation of consequences is a necessary element in determining not only whether a particular act or omission is actionably negligent, but also whether the injury complained of is proximately caused by such act or omission. (Citing authorities.) * * * Human beings in their common dealings with each other in society should be required to exercise some degree of deliberation or forethought. It would be unreasonable to require them, before doing or refraining from doing a particular act, to exhaust the field of speculation concerning every possible or conceivable consequence which might result from their conduct. It is just that one should be charged with the duty to anticipate those consequences which in the ordinary course of human experience might reasonably be expected to result therefrom, and therefore that he should be held legally responsible for those consequences. On the other hand, as stated in the Bigham Case: 'It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances the duty of foresight should not be arbitrarily imputed.' * * * Manifestly the test of common experience would exclude that degree of prescience which would require resort to mere speculation in possibly conceivable results, as well as to 'prophetic ken.' * * * The rule of anticipation or foreseeableness is therefore one of practical application, and not of philosophical or metaphysical speculation in causation."

Other cases in point are Neely v. Fort Worth, etc., Co., 96 Tex. 274, 72 S. W. 159; Trinity, etc., Co. v. McDonald (Tex. Com. App.) 208 S. W. 912; Agent v. Houston B. & T. Co. (Tex. Civ. App.) 247 S. W. 647; Allison v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 257 S. W. 959; Franklin v. Houston Elec. Co. (Tex. Civ. App.) 286 S. W. 578; Magnolia Pet. Co. v. Cocke (Tex. Civ. App.) 3 S.W.(2d) 139; Woas v. St. L., etc., Co., 198 Mo. 664, 96 S. W. 1017, 7 L. R. A. (N. S.) 231, 8 Ann. Cas. 584; Pennsylvania Ry. Co. v. MacKinney, 124 Pa. 462, 17 A. 14, 2 L. R. A. 820, 10 Am. St. Rep. 601; Thomas v. Philadelphia, etc., Co., 148 Pa. 180, 23 A. 989, 15 L. R. A. 416; Fewings v. Mendenhall, 88 Minn. 336, 93 N. W. 127, 60 L. R. A. 601, 97 Am. St. Rep. 519; Irwin v. Louisville, etc., Co., 161 Ala. 489, 50 So. 62, 135 Am. St. Rep. 153, 18 Ann. Cas. 772; Georgia, etc., Co. v. Moore, 146 Ga. 108, 90 S. E. 854.

We are of opinion that the sole proximate cause of the injury to plaintiff was the unusual, unanticipated, and uncontrollable act of the buzzard, flying against the stationary glass window in the end of the car, that the acts and omissions of defendant, characterized by the jury as negligence and as proximate causes, were not in any legal sense causes at all, but furnished what has been termed simply "a fortuitous condition."

The judgment of the court below is therefore reversed, and judgment here rendered for defendant.

Reversed and rendered.