## EASTERN TEXAS ELECTRIC CO. v. PETRASEK.
### No. 2424.

Court of Civil Appeals of Texas. Beaumont.
June 29, 1933.

Ewell Strong and Orgain, Carroll & Bell, all of Beaumont, for appellant.

E. B. Lamson, of Port Arthur, for appellee.

COMBS, Justice.

Appellee, John Petrasek, originally filed this suit in the justice court of Jefferson county, Tex., precinct No. 2, for damages in the amount of $136.90 for personal injuries and for damage to his automobile alleged to have been sustained on July 24, 1931, when his automobile collided with an interurban car owned and operated by the appellant at the intersection of the interurban track and Sixteenth street in the city of Port Arthur. From a judgment against it in the justice court appellant appealed to the county court of Jefferson county at law, where a trial was had to a jury and resulted in a verdict on special issues upon which the court entered judgment in favor of appellee for $119.90.

■ Appellant complains of the manner in which the court submitted the issue of unavoidable accident. That issue, as submitted by the court, was as follows:

"Special Issue No. 7. Do you find from a preponderance of the evidence that the plaintiff's injuries and damages, if any, were the result of an unavoidable accident? Answer 'yes' or 'no' as you may find the fact to be." The issue, as framed, improperly casts the burden of proof upon the defendant. When raised by the evidence, the burden is upon the plaintiff to negative the issue of unavoidable accident. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521; Texas Electric Ry. v. Scott (Tex. Civ. App.) 21 S. W.(2d) 24; Id. (Tex. Com. App.) 32 S.W.(2d) 641, 643; El Paso Electric Co. v. Portillo (Tex. Civ. App.) 37 S.W.(2d) 219. We think the evidence in this case clearly raised the issue. Moreover, it was submitted without objection and appellee is in no position to contend that the evidence did not raise it. Rosenthal Dry Goods Co. v. Hillebrandt, supra. The manner of the submission of this issue makes necessary a reversal of the case.

In view of another trial, we will notice briefly another of appellant's assignments of error. In submitting the various issues of negligence, the court correctly framed them so as to cast the burden of proof upon the party having the burden of the particular issue. But in connection with his definition of "preponderance" he instructed the jury, "You are to answer the questions propounded to you in this charge by the preponderance of the evidence." Such a general charge was recently held erroneous by the Waco Court of Civil Appeals in Psimenos v. Huntley, 47 S. W.(2d) 622. See, also, Eagle Star & British Dominions Ins. Co. v. Head, 47 S.W.(2d) 625, by the Amarillo Court of Civil Appeals.

While we do not mean to here decide the question of whether the correct framing of the issues had the effect of rendering harmless the error of the general instruction, we suggest that upon another trial the objectionable portion of the charge be eliminated.

For the error discussed the case is reversed and remanded for a new trial.