**MAHONE et al. v. BOWMAN et al.**
No. 11437.

Court of Civil Appeals of Texas. Dallas.
Feb. 24, 1934.

Rehearing Denied April 21, 1934.

Jones & Jones, of Marshall, and Bishop & Holland, of Athens, for plaintiffs in error.

Ramey, Calhoun & Marsh, of Tyler, for defendants in error.

LOONEY, Justice.

This is an appeal by the surviving wife and mother of Addis Mahone, from an adverse judgment in their suit against C. E. Bowman and his insurer, American Fidelity & Casualty Company, Inc., for damages for the death of Addis, who was killed November 7, 1930, in a collision between the automobile he was driving and a loaded truck owned by defendant Bowman, left on the paved portion of the Shreveport-Houston main highway in Montgomery county from about 12 o'clock noon until after dark, and situated so as not to leave a clear and unobstructed width of 15 feet upon the main portion of the highway opposite the standing truck. Liability was based on the alleged negligence of defendant Bowman, in obstructing and leaving the highway obstructed at the time of the collision. Other alleged grounds of negligence need not be noticed. The jury answered favorably to plaintiffs the following issues: "(1) Do you find from a preponderance of the evidence that the conduct of the defendant Bowman's employee, in leaving the truck on the highway until deceased struck it, constituted negligence? and (2) Do you find from a preponderance of the evidence that such negligence, if any you find, was a proximate cause of the collision?" These findings required the rendition of judgment for appellants, unless the judgment rendered in favor of appellees was compelled by the findings on issues of contributory negligence.

Defendants alleged that deceased was guilty of negligence proximately causing his death, in that, just before the collision, blinded by headlights on a passing car, he failed to either stop or check the speed of his car, and that failure in either respect constituted negligence and a proximate cause. The evidence warrants the following conclusions: That deceased, Roy Simmons, Hargrove Turner and Joe Henry (all colored) were en route from Marshall, Tex., to Houston, when a collision occurred after dark November 7, 1930, on the main highway between the cities of Shreveport, La., and Houston, Tex.; that defendant Bowman's truck, loaded with cotton, also headed toward Houston, having been disabled, was left on the paved portion of the highway; that in approaching the disabled truck immediately preceding the collision, deceased, driving from 30 to 35 miles per hour, was prevented, by the glare of lights on an approaching car, from discovering the truck until about 10 or 15 feet away; and that immediately on its being discovered, deceased applied brakes, swerved his car to the right, but contacted the trailer end of the truck, wrecking the car and receiving injuries from which he died in a few hours.

On contributory negligence, the court submitted the following issues: "No. 16. Do you find from a preponderance of the evidence that the failure of Addis Mahone, the driver of the car, to slow down the speed of the car when his eyes became blinded, if they did, by glaring headlights of another car, in order to avoid collision with objects in and upon said highway, was negligence as that term is herein defined? No. 18: Do you find from a preponderance of the evidence that the failure of Addis Mahone, the driver of the car, to stop said car when his eyes became blinded, if they did, by the glaring headlights of aonther car, was negligence as that term is herein defined?" To each of these issues, the jury gave affirmative answers, and answering special issues Nos. 17 and 18, found that the failure, in each instance, was a proximate cause. The trial court entered judgment in favor of defendants, from which this appeal is prosecuted.

 Appellants contend that, in submitting these issues, the court erred in assuming that deceased was blinded by lights from the approaching car and, after being thus blinded, that he failed to either stop or slow down the speed of the car to avoid colliding

with objects that might be in or upon the highway, the contention being that these were controverted issues that should have been submitted to the jury.

We do not believe these criticisms well taken, rather we think conclusions from the evidence inescapable that deceased was in fact blinded, or at least prevented by the glare of lights on the approaching car, from seeing objects ahead, and that, while thus blinded, and before discovering the truck, neither stopped nor lessened the speed of the car he was driving. However, aside from this, appellants are in no position to contend that, whether or not deceased was blinded on the occasion was a disputed issue, for in answer to appellee's pleas of contributory negligence, they alleged that, prior to and at the time of the collision, "another car or cars approached from the opposite direction with headlights burning brightly, and that the two cars so approached each other as that the vision of Addis Mahone, of the standing truck, was obscured and prevented by reason of the glare of the headlights of the cars meeting in the particular way and at the particular place where the collision occurred." We overrule the contention that the court erred in assuming the existence of these facts.

It is further contended that neither the issues submitted nor the judgment based on answer of the jury thereto were authorized by evidence, in that same presented no issue as to the knowledge of deceased (either actual or constructive) that the highway was at the time obstructed and, in the absence of such knowledge, that he was not required to anticipate, foresee, or speculate as to its existence, but was well within his legal rights in operating the car as was being done at the time of the collision.

The contention of appellants that a natural presumption will be indulged that everyone will act with due care, and that negligence will not be imputed to one for failure to anticipate the negligence of another, is abstractly correct, and if the questions under consideration could be narrowed to the compass of that proposition, doubtless the rule would be controlling, but we are considering here a larger question, that is, the duty of persons operating cars upon public highways, to exercise reasonable care, not only for their own safety, but also for the safety and protection of others properly upon or using the highway at the time. We think the jury was warranted in finding that, blindly operating the car at high speed (although legally permissible), deceased was guilty of negligence in fail-

ing to anticipate. the reasonable probability of the presence upon the highway of objects, persons, and cars that might be encountered. Anticipation of a probable consequence is an element in determining whether a particular act or omission constitutes actionable negligence, also whether an injury complained of was probably caused by such act or omission. For discussion and full citation of authorities in point, see Texas Electric Ry. v. Scott (Tex. Civ. App.) 21 S.W.(2d) 24 (case was reversed on the ground that the facts presented a jury question. See Id. (Tex. Com. App.) 32 S.W. (2d) 641).

In this connection, the court also submitted the following issues: "No. 20. Do you find from a preponderance of the evidence that the failure of deceased to slow the car he was driving down to a speed of 15 miles per hour when passing the car just before the collision, caused or contributed to cause his injuries?" The jury answered in the affirmative. Appellants insist that the court erred in submitting the issue, because no fact was required to be found upon which judgment could be based; the contention being that, whether the failure of deceased, while passing the approaching car just before the collision, to slow the speed of his car to 15 miles per hour was wholly immaterial, and constituted no defense to the action, because the statute requiring passing cars to slow down to 15 miles per hour (see article 794, P. C.) related to and fixed the duty of operators, one to another, to avoid collisions between passing cars, and had no other object in view. The statute in question was repealed by the 43d Legislature (see Session Acts 1933, c. 56, p. 112), but was in effect at the time of the accident, also at the time of trial. We cannot accept the strict construction contended for by appellants, but think rather that the statute had other purposes in view, including the prevention of disasters of the nature of the one under consideration.

The jury found, in response to issues submitted, that deceased was guilty of negligence in failing to keep a lookout for objects on the highway at the time in question, and that such failure contributed to cause the collision and death.

Appellants objected to the submission of this issue because the jury was not required to find that the failure of deceased to keep a lookout was a proximate cause, but for which the collision and death would not have occurred. We think the issue was properly submitted, but even if erroneous, as contended by appellant, the error is immaterial, in view

of findings convicting deceased of contributory negligence in other respects.

█ Appellants assign error on the refusal of the court to give their requested definition of "contributory negligence," as follows: "You are instructed as a part of the definition of contributory negligence that the deceased had the right to assume and act upon the assumption that others would not be guilty of negligence that might result in injury to him, unless he knew of such negligence and that his safety was endangered thereby, or unless the negligence of such other person was so open and obvious that he would have necessarily ascertained the existence thereof, and appreciated that his safety was thereby endangered in time by the exercise of ordinary care on his part to have avoided being injured thereby." This charge, in our opinion, partakes of the nature of a general charge on a phase of the case, and for that reason was properly refused [see Standard v. Texas Pacific C. & O. Co. (Tex. Civ. App.) 47 S.W.(2d) 443, 447, and authorities cited].

■ It is further contended that, having erred in failing to correctly define "contributory negligence," the court also erred in refusing their requested correct definition. The court defined "contributory negligence" as follows: "You are instructed that the meaning of the term Contributory Negligence, as used in the instruction given you, is such an act, or omission, on the part of the injured party, amounting to want of ordinary care, which, concurring or cooperating with defendant's negligence, if any, proximately caused the injury complained of." The requested charge refused by the court reads: "You are instructed that Contributory Negligence, as used in the definition and issues submitted to you, means negligence on the part of the deceased which acting alone or concurring with negligence, if any, on the part of the defendant or his driver, proximately contributed to cause the collision and without which it would not have occurred." We think the definition of "contributory negligence" given in the main charge is correct; however that may be, as the court, in submitting the issues to be found, did not mention the term "contributory negligence," but employed the terms "negligence" and "failure to exercise ordinary care," these having been correctly defined, we do not think appellants could have been prejudiced by the action of the court called in question. See case in point, Austin v. De George (Tex. Civ. App.) 55 S.W.(2d) 585, 587.

█ Error is also assigned on the action of the court, in permitting appellees over objection to introduce, as impeaching evidence, the testimony on a previous trial, of Roy Simmons, Hargrove Turner, and Joe Henry, companions of deceased in the car at the time of the collision, with reference to the time of day they left Marshall, the time of day they made the first stop, the time of day they made the last stop before the collision, and the place where they bought peanut candy, also with reference to the distance they could see the lights of the car that blinded them just before the collision, the objection urged being that the witnesses could not be impeached in regard to immaterial and irrelevant matters. Under the rule invoked, we think the court erred in admitting the impeaching evidence as to all matters, except the former testimony of witnesses with reference to the distance they could see the lights of the approaching car just before the collision. This, in our opinion, was on a material matter, hence to that extent the impeaching evidence was admissible. However, defendant Bowman having been found guilty of actionable negligence in leaving the disabled truck upon the highway, and the fact being undisputed that deceased's failure to discover the truck in time to avoid the collision was caused by temporary blindness, produced by the glare of lights on the approaching car, we fail to see how, in any event, appellants could have been prejudiced by the admission of the objectionable evidence, and the same observation, we think, is applicable to the action of the court, in excluding the testimony of Rev. G. M. Coe, which we will now discuss. This witness testifying by deposition said that, riding in a car he passed the disabled truck after dark, the same night but preceding the collision, made the following answer, which on objection of appellees, was excluded, to wit: "About two miles north of the San Jacinto River, we met a car going north with glaring headlights, and we were temporarily blinded. As soon as the car had passed, the bulk of the truck loomed up in front of us. We just had time to swerve to the left and miss hitting it." We think this evidence was admissible as a circumstance tending to corroborate witnesses for plaintiffs, who, similarly circumstanced, testified that they were blinded by the headlights of the approaching car. However, the exclusion of the evidence was harmless, for the reason stated above, and for the further reason that this witness at another place in the deposition testified, without objection, in substance the same, as fol-

lows: Asked, "Please state fully and in detail whether or not there were any obstructions or objects upon or along said highway to have prevented seeing the truck in the highway at a point several hundred feet before reaching same?" Answered, "There was. The glaring lights of the passing traffic prevented us from seeing the truck until we were right on it."

Failing to find reversible error, the judgment of the trial court is affirmed.

Affirmed.